IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| In re: | § | CHAPTER 11 |
| | § | |
| ROTARY DRILLING TOOLS | § | CASE No. 16-33433 |
| USA, LLC, *et al.*[1] | § | |
| Debtors. | § | Jointly Administration Requested |
| | § | |

## BIDDING PROCEDURES

Set forth below are the bid procedures (the "***Bidding Procedures***") to be employed by Rotary Drilling Tools USA, LLC, *et al.* (collectively, the "***Debtors***") in connection with that certain *Asset Purchase Agreement*, dated as of July 5, 2016 (the "***APA***") between the Debtors and Vallourec Drilling Products USA, Inc. (the "***Proposed Purchaser***"), pursuant to which the Proposed Purchaser proposes to acquire substantially all of the Debtors' assets, free and clear of liens and interests, pursuant to and in accordance with the terms and conditions specified therein.

The Debtors shall obtain entry of an order, in form and substance reasonably acceptable to the Debtors, the Debtors' postpetition lender, PNC Bank, N.A. (the "***DIP Lender***"), the Official Committee of Unsecured Creditors (the "***Statutory Committee***"), and the Proposed Purchaser, from the United States Bankruptcy Court for the Southern District of Texas (the "***Bankruptcy Court***") which, among other things (a) approves the Bidding Procedures, (b) approves the form and manner of the sale notice and bidding procedures notice, (c) schedules a Sale Hearing date, and (d) approves procedures for the assumption and, if necessary, assignment of executory contracts and unexpired leases (the "***Bid Procedures Order***").[2]

1. **Property to be Sold**

The Debtors shall offer for sale (the "***Sale***") substantially all of the assets of each of the Debtors as set forth in the APA (such assets collectively referred to herein as the "***Acquired Property***").

---

[1] The Debtors in these cases, along with the last four digits of their respective taxpayer ID numbers, are Rotary Drilling Tools USA, LLC (5265), Tubular Repair, LLC (1136), Rotary Drilling Holdings IV, LLC (3309), and Pipe Coatings International LLC (2057).

[2] Capitalized terms used herein and not otherwise defined shall have the meanings given to them in the *Debtors' Emergency Motion for (A) Entry of an Order (I) Approving Bidding Procedures in Connection with the Sale of the Debtors' Property, (II) Scheduling Bidding Deadline, Auction Date and Sale Hearing Date, (III) Approving Form and Notice Thereof and (IV) Approving Assumption and Assignment Procedures; and (B) Entry of an Order After the Sale Hearing (I) Authorizing the Debtors To Sell Their Property, (II) Authorizing the Debtors To Assume and Assign Certain Executory Contracts and Unexpired Leases, and (III) Granting Related Relief* (the "***Motion***").

2.  Purchase Price

The consideration to be paid by the Proposed Purchaser (as Prevailing Bidder) for the Acquired Property shall be in the manner and amount set forth in the APA or the Modified APA, as applicable.

3.  Free of Any and All Claims and Interests

All of the Debtors' right, title, and interest in and to the Acquired Property, or any portion thereof to be acquired, will be sold free and clear of all pledges, liens, security interests, encumbrances, claims, charges, options and interests thereon and there against (collectively, the "*Claims and Interests*"), such Claims and Interests to attach to the net proceeds of the sale of such Acquired Property, except, with respect to the Proposed Purchaser, to the extent otherwise set forth in the APA or, with respect to a Prevailing Bidder, to the extent otherwise set forth in the relevant purchase agreement of such Prevailing Bidder.

4.  Confidentiality Agreements

Upon execution of a confidentiality agreement in form and substance satisfactory to the Debtors, and subject to paragraph 5 below titled "Participation Requirements," any person wishing to participate in the bidding process for the Acquired Property (each, a "*Potential Bidder*") and wishing to conduct due diligence on the Acquired Property may be granted access to all material information that has been, or subsequently is made available to the Proposed Purchaser or any other Potential Bidder. The Debtors, through their retained investment banker (the "*Sale Banker*"), will provide both (i) the DIP Lender, and (ii) counsel for the Statutory Committee (each of (i) and (ii), a "*Consultation Party*" and collectively, the "*Consultation Parties*") with written notice of the names of each Potential Bidder who has contacted the Debtors.

5.  Participation Requirements

Any Potential Bidder that wishes to participate in the bidding for the Acquired Property must become a "*Qualified Bidder*." As a prerequisite to becoming a Qualified Bidder, a Potential Bidder:

> a.  must provide an executed confidentiality agreement in form and substance reasonably acceptable to the Debtors and no less favorable to the Debtors than the confidentiality agreement executed by the Proposed Purchaser;[3]
>
> b.  must provide current audited financial statements of the Potential Bidder, or, if the Potential Bidder is an entity formed for the purpose of acquiring the Acquired Property, current audited financial statements of the equity holders of the Potential Bidder who will guarantee the obligations of the

---

[3] For the avoidance of doubt, parties who executed a confidentiality agreement with the Debtors pre-petition shall not be required to execute a new confidentiality agreement provided that the pre-petition confidentiality agreement is in form and substance acceptable to the Debtors.

3

      Potential Bidder, or such other form of financial disclosure and credit-quality support or enhancement that will allow the Debtors and their financial advisors, in consultation with the Consultation Parties, to make a reasonable determination as to the Potential Bidder's financial and other capabilities to consummate a purchase of the Acquired Property;

  c.  must provide a preliminary (non-binding) written proposal regarding: (i) the purchase price (including assumed liabilities and the other obligations to be performed or assumed by the Potential Bidder); (ii) any assets expected to be excluded or any additional assets desired to be included in the Acquired Property; (iii) the structure and financing of the transaction (including, but not limited to, the sources of financing for the purchase price and all requisite financial assurance); (iv) any anticipated corporate, stockholder, internal or regulatory approvals required to close the transaction, the anticipated time frame and any anticipated impediments for obtaining such approvals; and (v) any material conditions to closing that the Potential Bidder may wish to impose in addition to those set forth in the APA; *provided*, that in order to be a Qualified Bid the terms and conditions of such proposal shall not be in the aggregate materially less favorable or more burdensome to the Debtors' estates than those set forth in the APA (as determined by the Debtors, in their reasonable discretion, following consultation with the Consultation Parties); and

  d.  be deemed by the Debtors, after consultation with their legal counsel, financial advisors, and the Consultation Parties, to be reasonably likely to be able to fund and complete the consummation of their proposed transaction on terms no less favorable or burdensome in the aggregate than the terms of the APA and within the time frame acceptable to the Debtors (but not materially in excess of the time frame currently contemplated herein) if selected as the Prevailing Bidder.

  The Proposed Purchaser is deemed a Qualified Bidder and the APA constitutes a Qualified Bid for all purposes.

  Each of the DIP Lender, and the Debtors' prepetition secured lender, PNC Bank, N.A. (the "***Pre-Petition Lender***") is deemed to be a Qualified Bidder, and any such bid submitted by the DIP Lender or Pre-Petition Lender shall be deemed a Qualified Bid for all purposes.

  A Potential Bidder who satisfies the foregoing prerequisites shall be deemed a Qualified Bidder. The Debtors reserve the right, in consultation with the Consultation Parties, (i) at any time to require any Potential Bidder previously determined to be a Qualified Bidder (other than the Proposed Purchaser, DIP Lender or Pre-Petition Lender) to provide additional evidence of its ability to consummate a transaction based upon a Qualified Bid in order to remain a Qualified Bidder, and (ii) to exclude any such Potential Bidder (other than the Proposed Purchaser, DIP Lender, or Pre-Petition Lender) from participating further in the Auction process as a result of its inability to satisfy such further requirements to remain a Qualified Bidder. The Debtors shall

4

provide the Consultation Parties with written notice of the names of any Potential Bidders that have been deemed Qualified Bidders. The DIP Lender may communicate with any Potential Bidders or Qualified Bidders regarding the proposed Sale of the Acquired Property; *provided, however*, that any such communications between the DIP Lender and any Potential or Qualified Bidders shall be conducted through the Sale Banker.

6. Due Diligence

The Debtors may in their reasonable business judgment, and subject to competitive and other business concerns, afford each Potential Bidder such due diligence access to the Acquired Property as the Debtors deem appropriate, after consultation with their counsel and financial advisors. Due diligence access may include management presentations as may be scheduled by the Debtors, access to electronic data rooms, onsite inspections, and other matters which a Potential Bidder may reasonably request and as to which the Debtors, in their reasonable business judgment, may agree. The Debtors will designate an employee or other representative to coordinate all reasonable requests for additional information and due diligence access from Potential Bidders. The Debtors may, in the exercise of their reasonable business judgment, extend a Qualified Bidder's time to conduct due diligence after the Bid Deadline until the Auction; *provided, however*, that (i) the Prevailing Bidder and Back-Up Bidder shall be permitted to continue to conduct due diligence until closing of the sale; (ii) the Qualified Bid submitted by any such Qualified Bidder (including the Prevailing Bidder and Back-Up Bidder) shall not be subject to any due diligence contingencies as provided below; and (iii) following the Auction, no Qualified Bidder (including the Prevailing Bidder and Back-Up Bidder) may reduce or alter the purchase price consideration incorporated into their bid for the Acquired Property except as provided in the APA or Modified APA (as applicable). The Debtors may, in their reasonable business judgment, coordinate diligence efforts such that multiple Potential Bidders have simultaneous access to due diligence materials and/or simultaneous attendance at management presentations or site inspections. The Debtors anticipate that they will post substantially all written due diligence provided to any Potential Bidder to the Debtors' electronic data room. Neither the Debtors nor any of their affiliates (or any of their respective representatives) will be obligated to furnish any information relating to the Acquired Property to any person. The Debtors make no representation or warranty as to the information to be provided through this due diligence process or otherwise, except to the extent set forth in the APA or the definitive purchase agreement with any Prevailing Bidder.

Each Qualified Bidder shall be deemed to acknowledge and shall represent in any definitive agreement, that it has had an opportunity to inspect and examine the Debtors' businesses and to conduct any and all due diligence prior to making its offer, that it has relied solely upon its own independent review, investigation, and/or inspection of any documents in submitting its bid, and that it did not rely upon any written or oral statements, representations, promises, warranties, or guaranties whatsoever, whether express, implied, by operation of law or otherwise, regarding the Debtors' businesses or the completeness of any information provided in connection with the bidding process.

7. <u>Bid Requirements</u>

To be deemed a "***Qualified Bid***," a bid must be received by the Debtors from a Qualified Bidder by a date no later than the Bid Deadline that:

a. states such Qualified Bidder offers to purchase the Acquired Property upon the terms and conditions substantially as set forth in the APA or pursuant to an alternative structure or terms that the Debtors, in consultation with the Consultation Parties, determine are no less favorable or more burdensome to the Debtors' estates than the terms and conditions of the APA;

b. identifies the cash consideration to be paid for the Acquired Property, or the amount of any credit bid as allowed hereunder;

c. identifies any liabilities to be assumed in connection with such proposed acquisition of the Acquired Property;

d. states such Qualified Bidder is prepared to enter into a legally binding purchase and sale agreement or similar agreement for the acquisition of the Acquired Property on terms and conditions no less favorable or more burdensome to the Debtors' estates than the terms and conditions contained in the APA (as determined by the Debtors in their reasonable business judgment in consultation with the Consultation Parties);

e. is accompanied by a clean and duly executed purchase and sale agreement or similar agreement (the "***Modified APA***"), based on the form of the existing APA, together with a marked Modified APA reflecting any variations from the APA executed by the Proposed Purchaser;

f. states such Qualified Bidder's offer is not subject to any due diligence or financing conditions, board or other approval (excluding customary regulatory approval that would follow the execution of definitive documentation for such a transaction) and is irrevocable[4] until the closing of the Sale if such Qualified Bidder is the Prevailing Bidder and that such Qualified Bidder agrees to serve as a Back-Up Bidder;

g. contains such financial and other information to allow the Debtors, in consultation with the Consultation Parties, to make a reasonable determination as to the Qualified Bidder's financial and other capabilities to consummate the transactions contemplated by the Modified APA, including, without limitation, such financial and other information which

---

[4] The Back-up Bidder shall be required to keep its bid open and irrevocable until 5:00 p.m. (prevailing Central time) on the date which is the earlier of (i) the Outside Back-Up Date or (ii) the closing of the Sale transaction with the Prevailing Bidder; provided, however, that under no circumstances shall the Proposed Purchaser be required, without its consent, to keep its bid open and irrevocable for a period longer than that prescribed in section 10.2(c)(vi) of the APA.

6

provides the basis for adequate assurance of future performance under contracts and leases to be assumed pursuant to section 365 of the Bankruptcy Code in a form requested by the Debtors to allow the Debtors to serve such information on counter-parties to any contracts or leases to be assumed or assumed and assigned in connection with the proposed sale that have requested, in writing, such information;

h. identifies with particularity each and every executory contract and unexpired lease, the assumption and, as applicable, assignment of which is a condition to closing;

i. does not request or entitle such Qualified Bidder to any break-up fee, topping fee, expense reimbursement or similar type of payment (and by submitting a Qualified Bid, a Qualified Bidder shall be deemed to have waived its right to pursue a substantial contribution claim under section 503 of the Bankruptcy Code in any way related to the submission of its bid or these bidding procedures);

j. fully discloses the identity of each entity that will be bidding in the Auction or otherwise participating in connection with such bid, and the complete terms of any such participation;

k. is likely to result in a value to the Debtors' estates in the Debtors' reasonable judgment, in consultation with the Consultation Parties, that is more than the aggregate of the value of the sum of (a) the Break-up Fee and the Expense Reimbursement, (b) the Additional Payments, (c) the total consideration to be realized by the Debtors' estates pursuant to the terms of the APA, (d) any applicable purchase price adjustments, as provided for in the APA, and (e) $250,000;

l. (i) does not contain any financing contingencies of any kind; (ii) does not contain any due diligence contingencies of any kind; and (iii) contains evidence that the Qualified Bidder has received debt and/or equity funding commitments or has financial resources readily available sufficient in the aggregate to consummate the Sale, which evidence is reasonably satisfactory to the Debtors, in consultation with the Consultation Parties;

m. includes evidence of authorization and approval from the Qualified Bidder's board of directors (or comparable governing body) with respect to the submission, execution, delivery and performance of the Modified APA;

7

n.  provides a purchase deposit equal to or greater than the deposit set forth in the APA, which deposit must be deposited with Locke Lord LLP pursuant to the Wiring Instructions[5] on or before the Bid Deadline;

o.  is irrevocable until the earlier of (x) the Outside Back-up Date and (y) the closing date of the transaction with the Prevailing Bidder or the Back-Up Bidder; and

p.  provides for the Bidding Incentives contained in the APA to be paid in full in cash to the Proposed Purchaser.

A competing bid satisfying all of the above requirements shall constitute a Qualified Bid. The Debtors shall make a determination, in consultation with the Consultation Parties, regarding whether a bid is a Qualified Bid, based upon various factors including, without limitation, the net consideration provided by such proposal, the timing of any consideration to be received and the likelihood and timing of consummating such transaction, and shall notify bidders whether their bids have been determined to be qualified by no later than 12:00 p.m. (prevailing Central time) on the third (3rd) calendar day following the Bid Deadline.

Notwithstanding the foregoing, the DIP Lender and/or Pre-Petition Lender shall not be required to submit any of the foregoing materials in order to be authorized to participate in the Auction or submit a bid for the Acquired Property, and any bid or credit bid that may be submitted by the DIP Lender and/or Pre-Petition Lender, whether at the Auction or otherwise, shall automatically be deemed a Qualified Bid.

8. Bid Deadline

A Qualified Bidder that desires to make a bid shall deliver a written or electronic copy of its bid so as to be received by a date no later than the Bid Deadline; *provided* that all Qualified Bid requirements must be completed prior to the Bid Deadline. Within 24 hours of receipt of a bid, the Debtors shall provide a copy of such bid to counsel to the Consultation Parties and Proposed Purchaser, *provided, however*, that information that was redacted from the APA and/or its exhibits before the APA was provided to a Potential Bidder shall also be redacted from the proposed bid. The Debtors shall provide copies of all Qualified Bids to all Qualified Bidders by no later than one day prior to the day of the Auction.

9. Aggregate Bids

The Debtors may, in consultation with the Consultation Parties, aggregate separate bids from unaffiliated persons to create one "Bid" from a "Qualified Bidder"; *provided, however*, that all bidders shall remain subject to the provisions of Bankruptcy Code section 363(n) regarding collusive bidding.

---

[5] "*Wiring Instructions*" means the wiring instructions for Locke Lord LLP's trust account, which will be made available to bidders on request.

8

10. <u>Evaluation of Qualified Bids</u>

Prior to the Auction, the Debtors shall determine, in their reasonable judgment after consultation with the Debtors' financial and legal advisors and the Consultation Parties which Qualified Bid should serve as the baseline bid at the commencement of the Auction, based on their analysis of which of the Qualified Bids is likely to result in the highest and best value to the Debtors' estates.

11. <u>Credit Bids by DIP Lender and/or Pre-Petition Lender</u>

Notwithstanding anything to the contrary herein, the DIP Lender and/or Pre-Petition Lender shall not be required to submit any written purchase proposals or other materials to the Debtors or any other person or entity prior to the Bid Deadline in order to be authorized to participate in the Auction. Each of the DIP Lender and Pre-Petition Lender shall be authorized, both prior to the Bid Deadline and at the Auction, to credit bid the full amount of all outstanding obligations owed to them by any of the Debtors or any of the Debtors' affiliates. Any credit bid that may be submitted by the DIP Lender and/or Pre-Petition Lender, whether at the Auction or otherwise, shall automatically be deemed a Qualified Bid.

In the event that the DIP Lender and/or Pre-Petition Lender becomes the Prevailing Bidder pursuant to a credit bid, and the Statutory Committee later obtains a final, non-appealable order in its favor sustaining a Challenge Action (as such term is defined in the final order approving the post-petition financing furnished by the DIP Lender to the Debtors) commenced by the Statutory Committee, the Statutory Committee shall be entitled to seek further order of the Bankruptcy Court to redress the portion of the credit bid submitted by the DIP Lender and/or Pre-Petition Lender that is invalidated by such successful Statutory Committee Challenge Action.

12. <u>No Qualified Bids</u>

If no timely Qualified Bids other than the Proposed Purchaser's bid are submitted by the Bid Deadline, the Debtors shall not hold an Auction and instead shall request at the Sale Hearing that the Bankruptcy Court approve the APA with the Proposed Purchaser and declare the Proposed Purchaser to be the Prevailing Bidder and the APA to be the Prevailing Bid.

13. <u>Auction</u>

In the event that the Debtors timely receive one or more Qualified Bids other than the Proposed Purchaser's bid, the Debtors shall, on a date to be determined by the Debtors, in consultation with the Proposed Purchaser and the Consultation Parties, conduct an Auction no later than August 23, 2016 (the "***Auction Date***"). The Auction shall be governed by the following procedures:

    a. only the Proposed Purchaser, DIP Lender, Pre-Petition Lender, and the other Qualified Bidders who have made a Qualified Bid shall be entitled to participate in or make any subsequent bids at the Auction (*provided, however*, that parties in interest may attend the Auction);

b. the Proposed Purchaser and each Qualified Bidder shall be required to confirm that it has not engaged in any collusion with respect to the bidding or the sale;

c. the Proposed Purchaser and the other Qualified Bidders shall appear in person at the Auction or through a duly authorized representative with a valid and enforceable power of attorney or other written proof evidencing their ability to bind such parties which documents shall be delivered to the Debtors prior to or at the Auction;

d. bidding shall commence at the amount and terms of the highest and best Qualified Bid as determined pursuant to Paragraph 10 above;

e. the Proposed Purchaser and each Qualified Bidder may then submit successive bids in increments of at least $250,000 higher than the amount of the highest and best Qualified Bid or previous bid, as applicable; *provided that* the Debtors shall retain the right to modify the bid increment requirements at the Auction, in consultation with the Consultation Parties, without any additional or prior notice, and *further provided that* the Proposed Purchaser and each Qualified Bidder must submit such a higher bid in order to participate in the remainder of the auction;

f. the Proposed Purchaser shall be entitled to submit successive overbids at the Auction and, in calculating the amount of the Proposed Purchaser's overbid, the Proposed Purchaser shall be entitled to a credit bid in an amount equal to the sum of the Additional Payments, the Break-up Fee, and the agreed-upon estimate of the Expense Reimbursement;

g. each Qualified Bidder (including the DIP Lender and Pre-Petition Lender) may make one or more credit bids of some or all of their claims to the full extent permitted by Bankruptcy Code section 363(k), subject to the limitations set forth herein or in the Bid Procedures Order;

h. the Auction will be conducted openly and the Proposed Purchaser and the other Qualified Bidders and Statutory Committee representatives, if any, will be informed of the terms of the highest and best previous bid;

i. the Proposed Purchaser and all Qualified Bidders shall have the right to submit additional bids and make additional modifications to the APA or Modified APA at the Auction, *provided that* any such modifications to the APA or Modified APA on an aggregate basis and viewed in whole, shall not be less favorable or more burdensome to the Debtors' estates, as determined by the Debtors (in consultation with the Consultation Parties), than the terms of the highest and best Qualified Bid at that time;

j. the Auction shall continue until there is only one offer that the Debtors determine, in consultation with the Consultation Parties and subject to Bankruptcy Court approval, is the highest or best from among the

10

Qualified Bids submitted at the Auction (the "***Prevailing Bid***"). In making this decision, the Debtors (in consultation with the Consultation Parties) shall consider, without limitation, the amount of the Purchase Price or other amounts to be paid to the Debtors, the form of consideration being offered, the likelihood of the bidder's ability to close a transaction and the timing thereof, the number, type and nature of any changes to the APA requested by each bidder, and the net benefit to the Debtors' estates. The bidder submitting such Prevailing Bid shall become the "***Prevailing Bidder***" and shall have such rights and responsibilities of the purchaser, as set forth in the applicable APA or Modified APA; and

k.  the Debtors, in consultation with the Consultation Parties, may adopt such other rules for the Auction (including procedural rules and rules that may depart from those set forth herein) that they reasonably determine will result in the highest or otherwise best value for the Debtors' estates and that are not inconsistent with any Bankruptcy Court order, *provided that* any changed or additional rules of the Auction are not materially inconsistent with the Bidding Procedures, do not favor one Qualified Bidder over another, and are communicated to all participants at or prior to the Auction.

14. Sale Hearing

The Prevailing Bid will be subject to approval by the Bankruptcy Court. The hearing to approve the Prevailing Bid (the "***Sale Hearing***") shall take place no later than two calendar following the conclusion of the Auction. At such time, the Debtors will seek the entry of an order of the Bankruptcy Court approving and authorizing the Sale to the Prevailing Bidder on the terms and conditions of the Prevailing Bid. The Prevailing Bidder shall appear at the Sale Hearing personally or through a duly authorized representative who will be prepared to testify in support of the Prevailing Bid and the Prevailing Bidder's ability to close in a timely manner and provide adequate assurance of its future performance under any and all contracts and leases to be assumed and/or assigned as part of the proposed Sale.

15. Return of Deposits

Except as provided herein, all deposits shall be returned to each bidder not selected by the Debtors as the Prevailing Bidder no later than five (5) business days following the substantial consummation of the sale to the Prevailing Bidder, except for the Back-Up Bidder whose deposit will be returned by no later than the fifth (5th) business day after the earlier to occur of: (a) the closing of the sale transaction with the Prevailing Bidder or (b) the Outside Back-up Date. Notwithstanding the foregoing, the deposit of the Proposed Purchaser shall be disbursed in accordance with the terms of the APA.

16. Failure To Consummate Sale

If an Auction is conducted, the party with the next highest and best Qualified Bid (other than the Proposed Purchaser), as determined by the Debtors in the exercise of their business

11

judgment, and in consultation with the Consultation Parties, at the Auction shall serve as a back-up bidder (the "*Back-up Bidder*") and keep such bid open and irrevocable until 5:00 p.m. (prevailing Central time) on the date which is the earlier of (i) the Outside Back-up Date or (ii) the closing of the Sale transaction with the Prevailing Bidder. Following the Sale Hearing, if the Prevailing Bidder fails to consummate an approved Sale because of (a) the failure of a condition precedent beyond the control of either the Debtors or the Prevailing Bidder or (b) a breach or failure to perform on the part of such Prevailing Bidder, the Back-up Bidder will be deemed to be the new prevailing bidder, and the Debtors will be authorized to consummate the Sale with the Back-up Bidder without further order of the Bankruptcy Court, *provided, however*, that if the Proposed Purchaser is the Back-up Bidder, the Debtors shall be required to consummate the Sale to the Back-up Bidder should the Prevailing Bidder fail to consummate the approved Sale.[6] In the case of (b) above, the defaulting Prevailing Bidder's deposit shall be forfeited to the Debtors, and the Debtors specifically reserve the right to seek all available damages from the defaulting Prevailing Bidder.

17. <u>Reservation of Rights</u>

The Debtors reserve their rights, in the exercise of their fiduciary obligations, and in consultation with the Consultation Parties, to modify the Bidding Procedures or impose, at or prior to the Auction, additional customary terms and conditions on the Sale of the Acquired Property, including, without limitation, extending the deadlines set forth in the Auction procedures, modifying bidding increments, adjourning the Auction at the Auction and/or adjourning the Sale Hearing in open court without further notice, withdrawing from the Auction the Acquired Property at any time prior to or during the Auction or canceling the Auction, all of which shall be based on an exercise of the Debtors' business judgment in consultation with the Consultation Parties.

Notwithstanding the forgoing and subject in all respects to the APA and the Debtors' fiduciary duties, (a) the Debtors may not impair or modify the Proposed Purchaser's rights and obligations under the APA or (b) in the event the Debtors (i) elect to withdraw from the Auction the Acquired Property, (ii) cancel the Auction, and/or (iii) reject all Qualified Bids, the Debtors shall, subject to the initial provision of this paragraph, nonetheless be obligated to request at the Sale Hearing that the Bankruptcy Court approve the APA with the Proposed Purchaser.

---

[6] For the avoidance of doubt, if the Prevailing Bidder fails to consummate the purchase and the purchase is ultimately consummated with the Proposed Purchaser (in its capacity as the Back-up Bidder), the Proposed Purchaser may credit the Bidding Incentives against the purchase price, *provided, however*, that in no event shall the consideration tendered by the Proposed Purchaser be less than that provided for in the APA.