**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| **IN RE:** | § | **Chapter 11** |
| | § | |
| **ROTARY DRILLING TOOLS USA** | § | **Case No.: 16-33433** |
| **LLC**, *et al.*, | § | |
| | § | |
| **Debtors.**[1] | § | **Jointly Administered** |
| | § | |

**AMENDED JOINT CHAPTER 11 PLAN OF**
**LIQUIDATION SUBMITTED BY**

**ROTARY DRILLING TOOLS USA, LLC**
**TUBULAR REPAIR, LLC**
**ROTARY DRILLING HOLDINGS IV, LLC**
**AND**
**PIPE COATINGS INTERNATIONAL LLC**

**Locke Lord LLP**
Elizabeth M. Guffy
Brooke B. Chadeayne
600 Travis Street, Suite 2800
Houston, TX 77002
Telephone: 713-226-1200
Facsimile: 713-223-3717
E-mail:   eguffy@lockelord.com
              bchadeayne@lockelord.com
              nobankecf@lockelord.com

Omer F. Kuebel, III
601 Poydras Street, Suite 2660
New Orleans, LA  70130
Telephone:  504-558-5155
Facsimile:  504-681-5255
Email:   rkuebel@lockelord.com
Counsel for the Debtors

---

[1] The Debtors in these cases, along with the last four digits of their respective taxpayer ID numbers, are Rotary Drilling Tools USA, LLC (5265), Tubular Repair, LLC (1136), Rotary Drilling Holdings IV, LLC (3309), and Pipe Coatings International LLC (2057).

**Table of Contents**

Page

ARTICLE 1   DEFINITIONS .................................................................................................2

    1.1.    Administrative Claim ....................................................................2
    1.2.    Administrative Claim Bar Date......................................................2
    1.3.    Administrative and Priority Claims Distribution Date...................2
    1.4.    Allowed Administrative Claim ......................................................2
    1.5.    Allowed Amount ...........................................................................2
    1.6.    Allowed Claim ..............................................................................2
    1.7.    Acquired Assets.............................................................................3
    1.8.    Allowed General Unsecured Claim................................................3
    1.9.    Allowed Interest ...........................................................................3
    1.10.   Allowed Priority Non-Tax Claim ..................................................3
    1.11.   Allowed Priority Tax Claim...........................................................3
    1.12.   Allowed Secured Claim .................................................................3
    1.13.   Allowed Unsecured Claim .............................................................3
    1.14.   Asset Purchase Agreement ............................................................3
    1.15.   Asset Sale......................................................................................3
    1.16.   Available Cash ..............................................................................3
    1.17.   Avoidance Action..........................................................................3
    1.18.   Avoided Lien.................................................................................4
    1.19.   Bankruptcy Code...........................................................................4
    1.20.   Bankruptcy Court...........................................................................4
    1.21.   Bankruptcy Rules ..........................................................................4
    1.22.   Bar Date ........................................................................................4
    1.23.   Business Day .................................................................................4
    1.24.   Cash ..............................................................................................4
    1.25.   Cause of Action.............................................................................4
    1.26.   Chapter 11 Cases ..........................................................................4
    1.27.   Claim ............................................................................................4
    1.28.   Claimant .......................................................................................5
    1.29.   Collateral......................................................................................5
    1.30.   Committee.....................................................................................5
    1.31.   Confirmation Date.........................................................................5
    1.32.   Confirmation Hearing ...................................................................5
    1.33.   Confirmation Order.......................................................................5
    1.34.   Creditor ........................................................................................5
    1.35.   Debtors .........................................................................................5
    1.36.   Debtors in Possession ...................................................................5
    1.37.   Deficiency Claim...........................................................................5
    1.38.   DIP Credit Facility .......................................................................5
    1.39.   DIP Order......................................................................................5
    1.40.   Disclosure Statement ....................................................................6
    1.41.   Disputed Claim.............................................................................6

i

1.42.   Disputed Claims Reserve ..................................................................6
1.43.   Distribution ......................................................................................6
1.44.   Effective Date ..................................................................................6
1.45.   Equity Interest or Interest ................................................................6
1.46.   Equity Interest Holder or Interest Holder .......................................6
1.47.   Equity Interest Record Date .............................................................6
1.48.   Estates ..............................................................................................6
1.49.   Final Distribution ............................................................................6
1.50.   Final Order ......................................................................................6
1.51.   General Unsecured Claim ................................................................7
1.52.   Governmental Unit ..........................................................................7
1.53.   Holdback Amount ............................................................................7
1.54.   Distribution Date .............................................................................7
1.55.   Intercompany Claims .......................................................................7
1.56.   IRS ...................................................................................................7
1.57.   Legal Proceeding .............................................................................7
1.58.   Liability ...........................................................................................7
1.59.   Lien ..................................................................................................7
1.60.   Liquidating Trust ............................................................................7
1.61.   Liquidating Trust Agreement ..........................................................8
1.62.   Liquidating Trustee .........................................................................8
1.63.   Net Sales Proceeds ..........................................................................8
1.64.   North Dakota Property .....................................................................8
1.65.   Noticing Agent ................................................................................8
1.66.   Person ..............................................................................................8
1.67.   Petition Date ....................................................................................8
1.68.   Plan ..................................................................................................8
1.69.   Plan Ballot .......................................................................................8
1.70.   Plan Documents ...............................................................................8
1.71.   Plan Rate ..........................................................................................8
1.72.   Plan Supplement ..............................................................................8
1.73.   PNC ..................................................................................................8
1.74.   PNC Adequate Protection Administrative Claim.............................9
1.75.   PNC Credit Documents ...................................................................9
1.76.   PNC Deficiency Claims ...................................................................9
1.77.   PNC Prepetition Secured Claim ......................................................9
1.78.   Post-Confirmation Committee .........................................................9
1.79.   Priority Claim ..................................................................................9
1.80.   Priority Non-Tax Claim ...................................................................9
1.81.   Priority Tax Claim ...........................................................................9
1.82.   Pro Rata ...........................................................................................9
1.83.   Professional Fee Claims ..................................................................9
1.84.   Professional Fees .............................................................................10
1.85.   Professionals ....................................................................................10
1.86.   Protected Persons .............................................................................10
1.87.   Purchaser ..........................................................................................10

1.88.    Released Parties......................................................................10
1.89.    Reorganized Debtor or Reorganized Debtors .........................10
1.90.    Reorganized RDT ...................................................................10
1.91.    Rights of Action ....................................................................10
1.92.    Residual Holdback Amount ...................................................10
1.93.    Sale Order ..............................................................................10
1.94.    Schedules ...............................................................................10
1.95.    Secured Claim ........................................................................10
1.96.    Subsidiary Equity Interests ...................................................11
1.97.    Unsecured Claim ....................................................................11
1.98.    Vehicle Allowance .................................................................11

ARTICLE 2    RULES OF CONSTRUCTION...............................................11

ARTICLE 3    CLASSIFICATION OF CLAIMS AND INTERESTS ................11
3.1.    Administrative Claims and Priority Tax Claims ....................11
3.2.    Classified Claims Against the Debtors...................................12

ARTICLE 4    IMPAIRMENT OF CLASSES AND RESOLUTION
OF CLAIM CONTROVERSIES.............................................12
4.1.    Impaired Classes ....................................................................12
4.2.    Unimpaired Classes ................................................................13
4.3.    Controversy Concerning Classification, Impairment or Voting
Rights.....................................................................................13

ARTICLE 5    TREATMENT OF IMPAIRED CLASSES ................................13
5.1.    Class 4 – General Unsecured Claims .....................................13
5.2.    Class 5 – Equity Interests.......................................................13

ARTICLE 6    TREATMENT OF UNIMPAIRED CLASSES.............................13
6.1.    Class 1 – PNC Prepetition Secured Claim..............................13
6.2.    Class 2 – Miscellaneous Secured Claims ...............................14
6.3.    Class 3 – Priority Non-Tax Claims .........................................14

ARTICLE 7    MEANS OF IMPLEMENTATION............................................14
7.1.    Limited Substantive Consolidation of the Debtors ................14
7.2.    Creation of Liquidating Trust ................................................14
7.3.    Continuation of Operations/Corporate Existence ..................15
7.4.    General Powers of the Liquidating Trustee ...........................15
7.5.    Obligations of the Liquidating Trustee...................................17
7.6.    Limitations on the Powers of the Liquidating Trustee ............17
7.7.    Resignation/Removal of the Liquidating Trustee ...................17
7.8.    Appointment of Successor Liquidating Trustee......................18
7.9.    Compensation Procedures.......................................................18

ARTICLE 8    CLAIM/INTEREST OBJECTION PROCEDURES,
             TREATMENT OF DISPUTED CLAIMS/INTERESTS
             AND PROCEDURE FOR ASSERTING CLAIMS ...........................................18

        8.1.    Objection Process ...............................................................................18
        8.2.    Filing of Claims and Causes of Action................................................18
        8.3.    Disputed Claims Reserve ....................................................................18
        8.4.    Distributions to Holders of Disputed Claims ......................................19
        8.5.    Disallowance of Late Filed Proofs of Claim........................................19
        8.6.    Provisions Governing Distributions .....................................................19

ARTICLE 9    EXECUTORY CONTRACTS AND UNEXPIRED LEASES ...........................20

        9.1.    Rejection of Executory Contracts and Unexpired Leases .......................20
        9.2.    Claims Based on Rejection of Executory Contracts or Unexpired
                Leases ..................................................................................................20

ARTICLE 10   EFFECT OF REJECTION BY ONE OR MORE CLASSES OF CLAIMS.........20

        10.1.   Impaired Classes to Vote ....................................................................20
        10.2.   Acceptance by Class ............................................................................21
        10.3.   Reservation of Cramdown Rights .......................................................21

ARTICLE 11   EFFECT OF CONFIRMATION .........................................................................21

        11.1.   Legally Binding Effect ........................................................................21
        11.2.   Limited Discharge of Debtors and Injunction.........................................21
        11.3.   RELEASE BY THE DEBTORS..............................................................21
        11.4.   Limited Protection of Certain Parties in Interest....................................22
        11.5.   Indemnification ...................................................................................23
        11.6.   Continuation of Anti-Discrimination Provisions of Bankruptcy
                Code......................................................................................................23
        11.7.   Preservation of Claims and Rights .......................................................24

ARTICLE 12   RETENTION OF JURISDICTION.......................................................................24

        12.1.   Exclusive Bankruptcy Court Jurisdiction ..............................................24
        12.2.   Limitation on Jurisdiction ....................................................................25

ARTICLE 13   CONDITIONS TO CONFIRMATION OF PLAN ............................................25

        13.1.   Conditions Precedent to Effective Date.................................................25
        13.2.   Annulment of Plan if Conditions Not Waived or Satisfied .....................26

ARTICLE 14   NOTICE PROVISIONS..........................................................................................26

        14.1.   Notices .................................................................................................26
        14.2.   Limitation on Notice............................................................................26
        14.3.   General Notice To Creditors ................................................................27

ARTICLE 15   COMPROMISES AND SETTLEMENTS..........................................................27

15.1. Effect of Confirmation Order .................................................................27

ARTICLE 16 MISCELLANEOUS PROVISIONS .........................................................27

16.1. Bar Date for Administrative Claims............................................27
16.2. Objections to Administrative Claims .........................................28
16.3. Payment of Professional Fees ...................................................28
16.4. Payment of United States Trustee Fees .....................................28
16.5. Substantive Consolidation ........................................................28
16.6. Employee Benefit Plans.............................................................29
16.7. Directive to State Agencies.......................................................29
16.8. Satisfaction of Liabilities .........................................................29
16.9. Warranty of Transfers from Liquidating Trust .........................29
16.10. Compliance with Tax Requirements .........................................29
16.11. Amendment of the Plan .............................................................30
16.12. Timing of Distributions.............................................................30
16.13. Enforcement of Settlement Agreements....................................30
16.14. Filing of Documents in Public Records.....................................30
16.15. Right to Seek Further Orders ....................................................30
16.16. Intercompany Claims.................................................................30
16.17. Withdrawal of Plan ...................................................................30
16.18. Due Authorization by Creditors................................................30
16.19. Filing of Additional Documentation .........................................31
16.20. Implementation .........................................................................31
16.21. Substantial Consummation .......................................................31
16.22. Further Effect of Confirmation ................................................31
16.23. Reservation of Claims ...............................................................31
16.24. Dates .........................................................................................31
16.25. Governing Law ..........................................................................31
16.26. Conflict .....................................................................................31
16.27. Severability ...............................................................................32
16.28. Setoffs .......................................................................................32
16.29. Further Action ...........................................................................32

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: | § | Chapter 11 |
| | § | |
| ROTARY DRILLING TOOLS USA | § | Case No.: 16-33433 |
| LLC, *et al.*, | § | |
| | § | |
| Debtors.[2] | § | Jointly Administered |
| | § | |

## AMENDED JOINT CHAPTER 11 PLAN OF LIQUIDATION

Rotary Drilling Tools USA, LLC, Tubular Repair, LLC, Rotary Drilling Holdings IV, LLC, and Pipe Coatings International LLC propose this Amended Joint Chapter 11 Plan of Liquidation pursuant to section 1121(a) of the Bankruptcy Code for the resolution of outstanding Claims asserted against, and Equity Interests in, each of the Debtors. Reference is made to the Disclosure Statement distributed with this Plan for a discussion of the Debtors' history, businesses, assets, operations, risk factors, a summary and analysis of this Plan, and certain related matters. Subject to the restrictions and requirements set out in section 1127 of the Bankruptcy Code, the Debtors reserve the right to alter, amend, modify, revoke, or withdraw this Plan prior to its consummation.

### SUBSTANTIVE CONSOLIDATION

The Plan is proposed as a joint chapter 11 plan for all of the Debtors. Claims against, and Equity Interests in, the Debtors (other than Administrative Expenses, PNC's Postpetition Secured Claims, and Priority Tax Claims) are classified in Article 3 and treated in Article 5.

The Plan is also a motion requesting that the Bankruptcy Court substantively consolidate the Debtors' estates solely for the purposes of voting and making distributions, as described in more detail below. In order to be confirmed, therefore, the Plan must meet the requirements of section 1129 of the Bankruptcy Code with respect to the Debtors on a consolidated basis.

### RELEASE OF PNC BANK, N.A.

The Plan incorporates a settlement with PNC Bank, N.A., which includes a release of the Debtors' claims against PNC.

**ALL HOLDERS OF CLAIMS OR INTERESTS ARE ENCOURAGED TO READ THIS PLAN AND THE DISCLOSURE STATEMENT CAREFULLY AND IN THEIR ENTIRETY. ALL HOLDERS OF CLAIMS OR INTERESTS ENTITLED TO VOTE ON THIS PLAN ARE ENCOURAGED TO READ THIS PLAN AND THE DISCLOSURE STATEMENT CAREFULLY AND IN THEIR ENTIRETY BEFORE VOTING ON THIS PLAN.**

---

[2] The Debtors in these cases, along with the last four digits of their respective taxpayer ID numbers, are Rotary Drilling Tools USA, LLC (5265), Tubular Repair, LLC (1136), Rotary Drilling Holdings IV, LLC (3309), and Pipe Coatings International LLC (2057).

## ARTICLE 1
## DEFINITIONS

As used in the Plan, the following terms shall have the respective meanings specified below. Any term used in the Plan not defined below or herein shall be interpreted in accordance with the Rules of Construction set forth in Article 2 of this Plan.

1.1.    Administrative Claim.  Any cost or expense of administration of the Chapter 11 Cases incurred on or before the Effective Date entitled to priority under § 507(a)(2) and allowed under § 503(b) of the Bankruptcy Code, including without limitation, any actual and necessary expenses of preserving the Debtors' estates, including wages, salaries or commissions for services rendered after the commencement of the Chapter 11 Cases, certain taxes, fines and penalties, any actual and necessary post-petition expenses of operating the Debtors' businesses, certain post-petition indebtedness or obligations incurred by or assessed against the Debtors in connection with the conduct of their businesses, or for the acquisition or lease of property, or for providing services to any Debtor, including all allowances of compensation or reimbursement of expenses to the extent allowed by the Bankruptcy Court under the Bankruptcy Code, and any fees or charges assessed against the Debtors' estates under chapter 123, title 28, United States Code.  With respect to Administrative Claims that are allowed pursuant to §§ 503 (b)(1), 503(b)(2), 503(b)(3), 503(b)(4), 503(b)(5), 503(b)(6), 503(b)(7), 503(b)(8) or 503(b)(9), there shall be an Administrative Claim against the Debtors only to the extent of and only after the entry of a Final Order approving such Administrative Claim following the filing of a motion or application prior to the Administrative Claim Bar Date.

1.2.    Administrative Claim Bar Date.  The last day to file an application for allowance of an Administrative Claim (other than (i) quarterly U.S. Trustee fees, (ii) Professional Fee Claims, or (iii) the PNC Adequate Protection Administrative Claim), which shall be 20 days after the Effective Date unless otherwise established by a Final Order.

1.3.    Administrative and Priority Claims Distribution Date.  The date, occurring as soon as practicable after the Effective Date, on which distributions are made pursuant to the terms of the Plan to Holders of Allowed Administrative Claims and Holders of Priority Non-Tax Claims.

1.4.    Allowed Administrative Claim.  An Administrative Claim to the extent it is or becomes an Allowed Claim.

1.5.    Allowed Amount.  The amount of an Allowed Claim.

1.6.    Allowed Claim.  With reference to any Claim (other than an Administrative Claim), (a) any Claim against any Debtor that was (i) listed by such Debtor in its Schedules, as such Schedules may be amended from time to time in accordance with Bankruptcy Rule 1009, as liquidated in amount and not disputed or contingent and for which no contrary proof of Claim has been filed or (ii) evidenced by a timely-filed proof of Claim, as to which no objection to allowance has been filed, in accordance with Section 8 of this Plan or such other applicable period of limitation fixed by the Bankruptcy Code, the Bankruptcy Rules, or the Bankruptcy Court, or (b) any Claim expressly allowed by a Final Order.  With reference to an Administrative

Claim, any Administrative Claim that is either (i) deemed allowed pursuant to this Plan; or (ii) allowed pursuant to a Final order approving a motion or application for allowance of such Administrative Claim.  Any Claim that is a Disputed Claim shall not constitute an Allowed Claim.

1.7.    <u>Acquired Assets</u>.  The assets of the Debtors being transferred to Purchaser in accordance with the Asset Purchase Agreement as defined in the Asset Purchase agreement as "**Acquired Assets**."

1.8.    <u>Allowed General Unsecured Claim</u>.  A General Unsecured Claim to the extent it is or becomes an Allowed Claim.

1.9.    <u>Allowed Interest</u>.  Any Equity Interest on the Record Date that has not been disallowed pursuant to the terms of the Plan or a Final Order of the Bankruptcy Court.  Any Interest that is allowed solely for purposes of voting to accept or reject this Plan pursuant to an Order of the Bankruptcy Court shall not be deemed to be an Allowed Interest for purposes of Distributions under this Plan.

1.10.    <u>Allowed Priority Non-Tax Claim</u>.  A Priority Non-Tax Claim to the extent it is or becomes an Allowed Claim.

1.11.    <u>Allowed Priority Tax Claim</u>.  Any Claim, to the extent such Claim is an Allowed Claim and entitled to priority in payment under § 507(a)(8) of the Bankruptcy Code.

1.12.    <u>Allowed Secured Claim</u>.  A Secured Claim of a creditor to the extent such Claim is an Allowed Claim, and the Lien securing such Claim has not become an Avoided Lien.

1.13.    <u>Allowed Unsecured Claim</u>.  An Unsecured Claim to the extent it is or becomes an Allowed Claim.

1.14.    <u>Asset Purchase Agreement</u>.  The Asset Purchase Agreement between the Debtors and Purchaser that governs the sale of the Acquired Assets and is attached as

1.15.    <u>Asset Sale</u>.  The sale of the Acquired Assets in accordance with the Asset Purchase Agreement.

1.16.    <u>Available Cash</u>.  All of the Liquidating Trust's Cash on hand on any particular date less (i) amounts reserved on account of Disputed Claims; (ii) amounts reasonably reserved for unpaid Administrative Claims, Secured Claims, Priority Tax Claims and Priority Non-Tax Claims; (iii) amounts reasonably required by the Liquidating Trustee to retain Professionals post-confirmation; and (iv) amounts reasonably required by the Liquidating Trustee to administer the Liquidating Trust and to complete the transactions and other actions required under the Plan, including the prosecution of claims and causes of action owned by the Estates.

1.17.    <u>Avoidance Action</u>.  Any and all rights, claims and causes of action arising under Sections 506(c), 510, 542, 543, 544, 545, 547, 548, 549, 550, 551, 552(b), 553 or 724 of the Bankruptcy Code, or analogous provisions of state or other applicable law.

1.18.   Avoided Lien.  A Lien to the extent it has been set aside, invalidated, or otherwise avoided pursuant to an Avoidance Action.

1.19.   Bankruptcy Code.  Title 11 of the United States Code, as in effect on the Confirmation Date.

1.20.   Bankruptcy Court.  The unit of the United States District Court for the Southern District of Texas, Houston Division, having jurisdiction over these Chapter 11 Cases, or in the event such Court ceases to exercise jurisdiction over these Chapter 11 Cases, such court or adjunct thereof that comes to exercise jurisdiction over the Chapter 11 Cases.

1.21.   Bankruptcy Rules.  The Federal Rules of Bankruptcy Procedure, as amended, and the Bankruptcy Local Rules for the Southern District of Texas, as applicable to these Chapter 11 Cases, each as in effect on the date of the event described herein.

1.22.   Bar Date.  As to claims by non-governmental entities, September 19, 2016; as to claims of governmental entities, January 2, 2017.

1.23.   Business Day.  Any day other than a Saturday, Sunday or any other day on which commercial banks in Houston, Texas, are required or authorized to close by law or executive order.

1.24.   Cash.  Legal tender of the United States of America, denominated in U.S. dollars, and equivalents thereof.

1.25.   Cause of Action.  Any claim any and all claims, actions, causes of action, choses in action, suits, debts, dues, sums of money, accounts, reckonings, bonds, bills, specialties, covenants, contracts, controversies, agreements, promises, variances, trespasses, damages, judgments, remedies, rights of set-off, third-party claims, subrogation claims, contribution claims, reimbursement claims, indemnity claims, defenses, counterclaims, cross-claims, and the like (including, without limitation, all claims and any avoidance, recovery, subordination, or other actions against insiders and/or any other entities under the Bankruptcy Code), matured or unmatured, known or unknown, then existing or thereafter arising, of any of the Debtors, the Debtors-in-Possession, and/or the Estates that exist or may be pending on the Effective Date against any Entity other than any Debtor, based in law or equity, including, without limitation, under the Bankruptcy Code, whether direct, indirect, derivative, or otherwise and whether asserted or unasserted as of the Confirmation Date, including, without limitation, the Causes of Action identified on Exhibit 3 to the Disclosure Statement; provided, however, that "Causes of Action" shall exclude any Causes of Action expressly released under the Plan.

1.26.   Chapter 11 Cases.  The following cases initiated by the Debtors under Chapter 11 of the Bankruptcy Code in the Bankruptcy Court:  Case No. 16-33433, Case No. 16-33434, Case No. 16-33435, and Case No. 16-33437, all of which are jointly administered under Case No. 16-33433.

1.27.   Claim.  Any (i) right to payment, whether or not such right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured, or unsecured; or (ii) right to an equitable remedy for breach of

performance if such breach gives rise to a right to payment, whether or not such right to an equitable remedy is reduced to judgment, fixed, contingent, matured, unmatured, disputed, undisputed, secured or unsecured.

1.28.   <u>Claimant</u>.  A person asserting a Claim against any Debtor, their property, or the Estates.

1.29.   <u>Collateral</u>.  Any property or interest in property of the Estates subject to a Lien that is not subject to avoidance under the Bankruptcy Code or otherwise invalid under the Bankruptcy Code or applicable state law.

1.30.   <u>Committee</u>.  The statutory committee of unsecured creditors appointed by the United States Trustee in the Chapter 11 Cases pursuant to section 1102 of the Bankruptcy Code.

1.31.   <u>Confirmation Date</u>.  The date upon which the Bankruptcy Court enters the Confirmation Order.

1.32.   <u>Confirmation Hearing</u>.  The hearing to be conducted by the Bankruptcy Court to determine whether to approve the Plan.

1.33.   <u>Confirmation Order</u>.  The order of the Bankruptcy Court approving and confirming the Plan in accordance with the provisions of chapter 11 of the Bankruptcy Code.

1.34.   <u>Creditor</u>.  Any person that holds a Claim against any Debtor that arose or is deemed to have arisen on or before the Petition Date, including an Allowed Claim against any Debtor's Estate of a kind specified in §§ 502(g), 502(h) or 502(i) of the Bankruptcy Code.

1.35.   <u>Debtors</u>.  Rotary Drilling Tools USA, LLC, Tubular Repair, LLC, Rotary Drilling Holdings IV, LLC, and Pipe Coatings International LLC.  In singular form, <u>Debtor</u> shall mean any one of the foregoing.

1.36.   <u>Debtors in Possession</u>.  The Debtors in their capacity as debtors in possession pursuant to §§ 1107 and 1108 of the Bankruptcy Code.

1.37.   <u>Deficiency Claim</u>.  The amount by which an Allowed Secured Claim exceeds the value of any Collateral securing such Claim as may be determined by the Bankruptcy Court in accordance with § 506(a) of the Bankruptcy Code.  A Deficiency Claim is a General Unsecured Claim.

1.38.   <u>DIP Credit Facility</u>.  The Debtors in Possession credit facility authorized on a final basis by the DIP Order.

1.39.   <u>DIP Order</u>.  The Bankruptcy Court's Final Order (I) Authorizing (a) the Continued Use of Existing Cash Management System, Bank Accounts, Business Forms, and Deposit and Investment Practices; (b) Payment of Related Prepetition Obligations and (c) a Waiver of Certain Operating Guidelines Relating to Bank Accounts; and (II) Authorizing Continued Engagement in Intercompany Transactions Pursuant to 11 U.S.C. §§ 105(A), 345, and 363, Fed. R. Bankr. P. 6003 and 6004 [Dkt. No. [*]], pursuant to which PNC was granted and

holds liens and security interests in all of the Debtors' assets as security for the "DIP Facility Advances" and the "Pre-Petition Obligations" as defined in the DIP Order.

1.40.   <u>Disclosure Statement</u>.   The Disclosure Statement with respect to this Plan, including all exhibits and schedules thereto, filed by the Debtors and approved by the Court pursuant to § 1125 of the Bankruptcy Code, as may be amended or supplemented.

1.41.   <u>Disputed Claim</u>.  A Claim against any Debtor that has not been Allowed pursuant to the Plan or a Final Order and (a) if no proof of Claim has been filed by the applicable deadline, a Claim that has been or hereafter is listed on the Schedules as other than disputed, contingent, or unliquidated but as to which the Debtors or any other party in interest has interposed an objection or request for estimation that has not been withdrawn, settled, or otherwise resolved by a Final Order or (b) if a proof of Claim or request for allowance or payment of an Administrative Claim has been filed by the applicable deadline, a Claim as to which a timely objection or request for estimation has been filed by the Debtors, Liquidating Trustee, or any other party in interest that has not been withdrawn, settled or otherwise resolved by Final Order.  Any Claim expressly Allowed by a Final Order shall be an Allowed Claim, not a Disputed Claim.

1.42.   <u>Disputed Claims Reserve</u>.  A reserve to be held by the Liquidating Trustee in trust for the benefit of holders of Disputed Claims in accordance with the provisions of the Plan.

1.43.   <u>Distribution</u>.  The Cash and other property required by the Plan to be distributed to the holders of Allowed Claims.

1.44.   <u>Effective Date</u>.  The day selected by the Debtors, in consultation with PNC and the Committee, that is after the date the Confirmation Order becomes a Final Order and on which all conditions specified in Article 13 hereof have been satisfied or waived.

1.45.   <u>Equity Interest or Interest</u>.  Equity Interest or Interest shall have the meaning ascribed to "equity security" in § 101(16) of the Bankruptcy Code.

1.46.   <u>Equity Interest Holder or Interest Holder</u>.  Any holder or owner of an Equity Interest on the Equity Interest Record Date.

1.47.   <u>Equity Interest Record Date</u>.  The date that the Bankruptcy Court enters an order conditionally approving the Disclosure Statement shall serve as the record date for purposes of Distributions to Allowed Interests under the Plan.

1.48.   <u>Estates</u>.  The estates created upon the filing by the Debtors of the Chapter 11 Cases pursuant to § 541 of the Bankruptcy Code, together with all rights, claims and interests pertaining thereto.

1.49.   <u>Final Distribution</u>.  The final Distribution from the Liquidating Trust made pursuant to the terms of the Plan.

1.50.   <u>Final Order</u>.  An order or judgment which has not been reversed, vacated or stayed and as to which (a) the time to appeal, petition for *certiorari* or move for new trial, re-

argument or rehearing has expired and to which no appeal, petition for *certiorari* or other proceedings for a new trial, re-argument or rehearing shall then be pending, or (b) if an appeal, writ of *certiorari*, new trial, re-argument or rehearing thereof has been sought, such order or judgment of the Bankruptcy Court shall have been affirmed by the highest court to which such order was appealed, or *certiorari* shall have been denied or a new trial, re-argument or rehearing shall have been denied or resulted in no modification of such order, and the time to take any further appeal, petition for *certiorari* or move for a new trial, re-argument or rehearing shall have expired.

1.51.  <u>General Unsecured Claim</u>.  A Claim other than a Secured Claim, an Administrative Claim, or a Priority Claim.  General Unsecured Claims include the PNC Deficiency Claims.

1.52.  <u>Governmental Unit</u>.  The term Governmental Unit shall have the meaning assigned in the Bankruptcy Code.

1.53.  <u>Holdback Amount</u>.  That portion of the Net Sales Proceeds reserved pursuant to paragraph G of the Sale Order.

1.54.  <u>Distribution Date</u>.  One or more dates identified by the Liquidating Trustee, after consultation with the Post-Confirmation Committee, on which Distributions, either interim or Final, are made from Available Cash to holders of Allowed Claims in Class 4.

1.55.  <u>Intercompany Claims</u>.  All Claims by one Debtor against another Debtor or otherwise existing between any Debtors.

1.56.  <u>IRS</u>.  The Internal Revenue Service as well as any other division or agency of the United States Government involved in matters related to income or employment taxes, including the United States Department of Justice, Tax Division.

1.57.  <u>Legal Proceeding</u>.  The term Legal Proceeding shall mean any action, arbitration, audit, hearing, investigation, tax assessment, assessment, litigation or suit (whether civil, criminal, administrative, investigative or informal) commenced, brought, conducted or heard by or before, or otherwise involving, any Governmental Unit or arbitrator related to the Debtors.

1.58.  <u>Liability</u>.  Any direct or indirect liability, indebtedness, obligation, commitment, expense, claim, deficiency, deferred income, guaranty or endorsement of or by any Person of any type, whether known, unknown, accrued, absolute, contingent, matured or unmatured.

1.59.  <u>Lien</u>.  A charge against or interest in property to secure payment of a debt or performance of an obligation which has not been avoided or invalidated under any provision of the Bankruptcy Code or other applicable law.

1.60.  <u>Liquidating Trust</u>.  The entity created pursuant to Article 7.5 of this Plan to which all holders of Claims shall look for satisfaction of their Claims unless otherwise specifically set forth to the contrary in this Plan.

1.61.    Liquidating Trust Agreement.    The trust agreement approved by PNC and the Committee and entered into in accordance with the Plan pursuant to which the Liquidating Trust will be established and administered.  A copy of the Liquidating Trust Agreement is attached as **Plan Exhibit 1**.

1.62.    Liquidating Trustee.    The person designated to serve as the Liquidating Trustee under the Liquidating Trust Agreement and pursuant to the terms of this Plan, or any successor Liquidating Trustee appointed pursuant to the terms of this Plan or such other person as appointed by the Bankruptcy Court.

1.63.    Net Sales Proceeds.    The net proceeds received by the Debtors from the Asset Sale.

1.64.    North Dakota Property.    The real property owned by Tubular Repair, LLC, and located at 14084 Alpha Street NW, Williston, North Dakota.

1.65.    Noticing Agent.    Kurtzman Carson Consultants, LLC, the noticing, claims and balloting agent in these Cases whose retention was approved by the Bankruptcy Court at Docket No. 26.

1.66.    Person.    An individual, a corporation, a partnership, an association, a joint stock company, a joint venture, an estate, a trust, an unincorporated association or organization, a governmental unit (as that term is defined in the Bankruptcy Code) or any agency or subdivision thereof or any other entity.

1.67.    Petition Date.    July 6, 2016, the date on which the Debtors filed the voluntary chapter 11 petitions commencing these Chapter 11 Cases.

1.68.    Plan.    This Amended Joint Chapter 11 Plan of Liquidation, as it may be amended or modified from time to time.

1.69.    Plan Ballot.    The form of ballot that the Debtors will transmit to Creditors and Interest Holders who are, or may be, entitled to vote on the Plan.

1.70.    Plan Documents.    Any and all documents contemplated to be executed in connection with this Plan.

1.71.    Plan Rate.    The rate of interest, if any, that will be paid on Claims but only to the extent that this Plan specifies that interest will be paid on such Claims.  For all non-tax claims, the Plan Rate shall be 5% simple interest.  The Plan Rate for tax claims shall be the applicable non-bankruptcy statutory rate determined as of the calendar month in which the Confirmation Order is entered.  Interest shall be calculated from the Petition Date to each Payment Date

1.72.    Plan Supplement.    The forms of documents effectuating the transactions contemplated by this Plan, including the Liquidating Trust Agreement, which documents shall be filed with the Bankruptcy Court no later than ten (10) days prior to the Confirmation Hearing.

1.73.    PNC.    PNC Bank, N.A.

1.74.   <u>PNC Adequate Protection Administrative Claim</u>.   The super-priority administrative claims of PNC granted pursuant to the DIP Order as adequate protection to PNC in respect of any diminution in value of the PNC Prepetition Secured Claim, which shall be in the amount of $200,000 and paid pursuant to the provisions of section 3.1.1 of the Plan.

1.75.   <u>PNC Credit Documents</u>.   Means, collectively: (i) the Revolving Credit, Term Loan, and Security Agreement dated as March 25, 2015, by and among PNC and the Debtors (the "<u>PNC Credit Agreement</u>"); and (ii) the other documents, instruments, contracts, and other agreements executed in connection with the PNC Credit Agreement.

1.76.   <u>PNC Deficiency Claims</u>.   The General Unsecured Claim of PNC equal to the amounts owed by the Debtors as of the Petition Date, plus all amounts advanced to the Debtors under the DIP Credit Facility, less an amount equal to the Net Sales Proceeds minus the Holdback Amount, less the proceeds or value of any additional Collateral of PNC (including any Residual Holdback Amount).

1.77.   <u>PNC Prepetition Secured Claim</u>.   The Allowed Secured Claim of PNC, which is equal to the lesser of (a) the outstanding amount owed under PNC's prepetition credit agreement with the Debtors and the other documents and instruments executed in connection with the PNC Prepetition Credit Documents or (b) the value of PNC's remaining Collateral as of the Effective Date.  The PNC Prepetition Secured Claim is automatically an Allowed Secured Claim, without any further action by PNC, the Bankruptcy Court, or any other person or entity.

1.78.   <u>Post-Confirmation Committee</u>.   The oversight committee created under the Liquidating Trust Agreement.

1.79.   <u>Priority Claim</u>.   Any Claim to the extent entitled to priority in payment under § 507(a) of the Bankruptcy Code.

1.80.   <u>Priority Non-Tax Claim</u>.   Any Claim (other than an Administrative Claim or a Priority Tax Claim) to the extent entitled to priority in payment under § 507(a) of the Bankruptcy Code.

1.81.   <u>Priority Tax Claim</u>.   Any Claim entitled to priority in payment under § 507(a)(8) of the Bankruptcy Code.  A Claim based upon an assessed *ad valorem* tax that is secured by a statutory lien on property that was administered during these Chapter 11 Cases is not a Priority Tax Claim, but is a Secured Claim to the extent of the value of the property administered.  Otherwise, such Claim is a General Unsecured Claim.

1.82.   <u>Pro Rata</u>.   The proportion that the dollar amount of an Allowed Claim or Allowed Interest in a Class bears to the aggregate amount of all Allowed Claims or Allowed Interests in such Class.

1.83.   <u>Professional Fee Claims</u>.   Administrative Claims for Professional Fees from the Petition Date through the Effective Date, as well as fees, expenses and other reimbursable costs incurred after the Effective Date in connection with the preparation and filing of fee applications with the Bankruptcy Court in respect of Professional Fee Claims.

1.84.   <u>Professional Fees</u>.   All fees, costs and expenses incurred in these Chapter 11 Cases by any professional person (within the meaning of §§ 327, 328 or 1103 of the Bankruptcy Code or otherwise) and awarded by Final Order of the Bankruptcy Court pursuant to §§ 330 or 503(b) or any other provision of the Bankruptcy Code and any professional fees, costs and expenses which have been allowed pursuant to this Plan or by Final Order of the Bankruptcy Court.

1.85.   <u>Professionals</u>.   Any Court-approved professional Person, including lawyers, accountants, financial advisors, investment bankers and restructuring advisors, employed by the Debtors or the Committee in these Chapter 11 Cases at any time before the Effective Date.

1.86.   <u>Protected Persons</u>.  Protected Persons means the parties identified in <u>Article 11.3</u>.

1.87.   <u>Purchaser</u>.  The counterparty to the Asset Purchase Agreement.

1.88.   <u>Released Parties</u>.   PNC and each of its current and former officers, directors, members, managers, equity holders, employees, agents, attorneys, financial advisors, and other professionals or representatives when acting in any such capacities.

1.89.   <u>Reorganized Debtor or Reorganized Debtors</u>.   Each Debtor, from and after the Effective Date.

1.90.   <u>Reorganized RDT</u>.   The Debtor Rotary Drilling Tools USA, LLC; provided, however, that the Debtors have sold their trademark and name under the Asset Purchase Agreement and will take the necessary steps to change their names accordingly.

1.91.   <u>Rights of Action</u>.   Includes (a) any avoidance, recovery, subordination or other action of the Debtors, the Estates or the Liquidating Trust, (b) any Cause of Action of the Debtors, the Estates or the Liquidating Trust, (c) any objection or other challenge to a Claim, and (d) any objection or other challenge to an Interest.

1.92.   <u>Residual Holdback Amount</u>.   The amount of the Holdback Amount remaining after payment of all of the Debtors' pre-Effective Date operating expenses, all Allowed Administrative Claims, and all Allowed Priority Claims, less the Vehicle Allowance.

1.93.   <u>Sale Order</u>.   The Order (a) Authorizing the Debtors to Sell Their Property, (II) Authorizing the Debtors to Assume and Assign Certain Executory Contracts and Unexpired Leases and (III) Granting Related Relief entered by the Bankruptcy Court at Docket No.125 and approving, among other things, the Asset Sale pursuant to the terms of the Asset Purchase Agreement.

1.94.   <u>Schedules</u>.   Each of the Debtors' Schedules of Assets and Liabilities, as may be amended or supplemented, and filed with the Bankruptcy Court in accordance with § 521(a)(1) of the Bankruptcy Code.

1.95.   <u>Secured Claim</u>.   A Claim to the extent of the value, as may be determined by the Bankruptcy Court pursuant to § 506(a) of the Bankruptcy Code, of any interest in property of any Debtor's Estate securing such Claim, or any Claim to the extent that it is subject to setoff

under § 553 of the Bankruptcy Code.  To the extent that the value of such interest is less than the amount of the Claim which has the benefit of such security, such Claim is a Deficiency Claim.

1.96.   Subsidiary Equity Interests.  All equity interests in any subsidiary owned by any of the Debtors.

1.97.   Unsecured Claim.  A Claim not secured by a charge, mortgage or lien against or interest in property of the Estate, including but not limited to any Deficiency Claim and any claim for damages resulting from the rejection of an executory contract or lease.

1.98.   Vehicle Allowance.  The sum of $50,000.00, which is the agreed-upon value of the two vehicles that were included in the Acquired Assets and as to which the Committee has asserted that PNC does not hold a valid perfected lien.

**ARTICLE 2**
**RULES OF CONSTRUCTION**

Unless otherwise specified, all section, article, schedule or exhibit references in this Plan are to the respective section in, article of, or schedule or exhibit to, this Plan, as same may be amended, waived, or modified from time to time.  The schedules and exhibits to this Plan are hereby incorporated herein by reference as if fully set forth herein.  Except as otherwise expressly provided herein, a term used herein that is not defined herein shall have the meaning assigned to that term in the Bankruptcy Code or the Bankruptcy Rules.  The words "herein," "hereof" and "hereunder" and other words of similar import refer to this Plan as a whole and not to any particular section, subsection or clause contained in this Plan, unless the context requires otherwise. Whenever the words "include," "includes," or "including" are used in this Plan, such words are deemed to be followed by the words "without limitation" whether or not they are in fact followed by such words or words of like import.  Whenever from the context it appears appropriate, each term stated in either the singular or the plural includes the singular and the plural, and pronouns stated in the masculine, feminine or neuter gender include the masculine, feminine and the neuter. The article headings contained in the Plan are for reference purposes only and shall not affect in any way the meaning or interpretation of the Plan.

The rules of construction contained in § 102 of the Bankruptcy Code shall apply to the construction of this Plan, except for § 102(5) of the Bankruptcy Code.  The headings in this Plan are for convenience of reference only and shall not limit or otherwise affect the provisions hereof.

**ARTICLE 3**
**CLASSIFICATION OF CLAIMS AND INTERESTS**

The Claims against and Interests in the Debtors are classified as set forth in this Article.

3.1.   Administrative Claims and Priority Tax Claims.  In accordance with § 1123(a)(l) of the Bankruptcy Code, certain Administrative Claims and Priority Tax Claims have not been classified and thus are excluded from the Classes of Claims and Interests set forth in this Article III.  These unclassified Claims are treated as follows:

3.1.1    <u>PNC Adequate Protection Administrative Claim</u>.  The PNC Adequate Protection Claim in the amount of $200,000 will be paid, by agreement with PNC, by the Liquidating Trustee from Available Cash within five (5) Business Days after the Liquidating Trust has received a total of $1,500,000 in funds that are not subject to any lien asserted by PNC.

3.1.2    <u>Other Administrative Claims</u>.  All other Allowed Administrative Claims arising under 11 U.S.C. § 503(b) will be paid in Cash and in full by the Liquidating Trustee from the Holdback Amount on the later of (i) the Administrative and Priority Claims Distribution Date, (ii) the date on which such Administrative Claim becomes an Allowed Claim; or (iii) such other date as the Liquidating Trustee and the holder of the Allowed Administrative shall agree.  Allowed Administrative Claims are not entitled to post-petition interest or legal fees and expenses.

3.1.3    <u>Priority Tax Claims</u>.  Priority Tax Claims will be paid in Cash and in full by the Liquidating Trustee from the Holdback Amount on the later of (i) the Administrative and Priority Claims Distribution Date, (ii) the date on which such Priority Tax Claim becomes an Allowed Claim; or (iii) such other date as the Liquidating Trustee and the holder of the Allowed Priority Tax Claim shall agree.

3.2.    <u>Classified Claims Against the Debtors</u>.  Claims against the Debtors are classified as follows:

3.2.1    <u>Class 1 – PNC Prepetition Secured Claim</u>.  Class 1 is comprised of the Allowed PNC Prepetition Secured Claim.

3.2.2    <u>Class 2 – Miscellaneous Secured Claims</u>.  Class 2 is comprised of all Allowed Secured Claims against the Debtors, other than the PNC Prepetition Secured Claim.

3.2.3    <u>Class 3 – Priority Non-Tax Claims</u>.  Class 3 is comprised of all Allowed Priority Non-Tax Claims against the Debtors.

3.2.4    <u>Class 4 – General Unsecured Claims</u>.  Class 4 is comprised of all Allowed General Unsecured Claims against the Debtors.

3.2.5    <u>Class 5 – Equity Interests</u>.  Class 5 is comprised of all Allowed Interests in the Debtors.

## ARTICLE 4
## IMPAIRMENT OF CLASSES AND RESOLUTION
## OF CLAIM CONTROVERSIES

4.1.    <u>Impaired Classes</u>.  Only holders of Claims that are in impaired Classes may vote on this Plan.  The following Classes of Claims and Interests are impaired under this Plan:

4.1.1    Class 4 – General Unsecured Claims

4.1.2     Class 5 – Equity Interests

4.2.   <u>Unimpaired Classes</u>.   Holders of Claims that are in unimpaired Classes are deemed to have accepted the Plan and are not entitled to vote on this proposed Plan.  The following Classes of Claims are unimpaired under this Plan

4.2.1     Class 1 – PNC Prepetition Secured Claim

4.2.2     Class 2 – Miscellaneous Secured Claims

4.2.3     Class 3 – Priority Non-Tax Claims

4.3.   <u>Controversy Concerning Classification, Impairment or Voting Rights</u>.   In the event a controversy or dispute should arise involving issues related to the classification, impairment or voting rights of any Creditor or Interest Holder under the Plan, prior to the Confirmation Date, the Bankruptcy Court may, after notice and a hearing, determine such controversy.  Without limiting the foregoing, the Bankruptcy Court may estimate for voting purposes the amount of any contingent or unliquidated Claim, the fixing or liquidation of which, as the case may be, would unduly delay the administration of the Chapter 11 Cases.  In addition, the Bankruptcy Court may in accordance with § 506(b) of the Bankruptcy Code conduct valuation hearings to determine the Allowed Amount of any Secured Claim.

## ARTICLE 5
## TREATMENT OF IMPAIRED CLASSES

5.1.   <u>Class 4 – General Unsecured Claims</u>.  The Liquidating Trustee shall distribute Available Cash Pro Rata to holders of Allowed Claims in Class 4 and/or the Disputed Claims Reserve pursuant to <u>Articles 8.4</u> and <u>8.5</u> herein, if applicable, on one or more Interim Distribution Date(s).  The Liquidating Trustee shall have the right, but not the obligation, make interim distributions to holders of Allowed General Unsecured Claims in Class 4 from Available Cash on such Interim Distribution Dates as the Liquidating Trustee determines appropriate.  In the event that Class 4 General Unsecured Claims are paid in full and there exists remaining Available Cash as to the respective Debtor, holders of Allowed Claims in such class shall receive interest at the Plan Rate.

5.2.   <u>Class 5 – Equity Interests</u>.  All Equity Interests in Class 5 shall be canceled as of the Effective Date and holders of such Equity Interests shall receive no Distribution under the Plan.

## ARTICLE 6
## TREATMENT OF UNIMPAIRED CLASSES

6.1.   <u>Class 1 – PNC Prepetition Secured Claim</u>.  In full and final satisfaction of the PNC Prepetition Secured Claim, PNC shall receive (a) the Residual Holdback Amount, (b) fifty percent (50%) of all value received from the sale or other disposition of the Subsidiary Equity Interests, and (c) at the election of PNC (i) the proceeds of all other Collateral securing the PNC Prepetition Secured Claim (including any proceeds of all other PNC Collateral that is transferred into, or held by, the Liquidating Trust), if any, and/or (ii) all other Collateral securing such PNC

Prepetition Secured Claim (including any Collateral of PNC that is transferred into, or held by, the Liquidating Trust).

6.2.    Class 2 – Miscellaneous Secured Claims.  In the sole discretion of the Liquidating Trustee, the Holder of an Allowed Secured Claim in Class 2 shall receive either (i) the proceeds of the Collateral securing such Claimant's Allowed Secured Claim (up to the amount of the Claimant's Allowed Secured Claim) after satisfaction in full of all superior liens; or (ii) the Collateral securing such Claimant's Allowed Secured Claim in full and final satisfaction of such Claim.

6.3.    Class 3 – Priority Non-Tax Claims.  Allowed Claims in Class 3 will be paid in Cash and in full by the Liquidating Trustee from the Holdback Amount on the later of (i) the Administrative and Priority Claims Distribution Date, (ii) the date on which such Claim becomes an Allowed Claim; or (iii) such other date as the Liquidating Trustee and the holder of the Allowed Claim in Class 3 shall agree.  Allowed Claims in Class 3 are not entitled to post-petition interest or post-petition legal fees and expenses.

# ARTICLE 7
# MEANS OF IMPLEMENTATION

7.1.    Limited Substantive Consolidation of the Debtors.  (a) The entry of the confirmation Order shall constitute the approval, pursuant to section 105(a) of the Bankruptcy Code, effective as of the Effective Date, of the substantive consolidation of the Debtors and their Estates for the purposes of voting, confirmation, and distribution under the Plan.  Solely for such purposes, on and after the Effective Date, (i) all assets and all liabilities of the Debtors and their Estates shall be deemed merged into Reorganized RDT, (ii) all guaranties of any Debtor of the payment, performance, or collection of any obligations of another Debtor shall be extinguished and cancelled, (iii) any obligation of any Debtor and all guaranties of such obligations executed by one or more of the Debtors shall be treated as a single obligation, and such guaranties shall be deemed a sing Claim against the consolidated Debtors, (iv) all joint obligations of two or more Debtors and all multiple Claims against such entities on account of such joint obligations shall be treated and allowed only as a single Claim against the consolidated Debtors, (v) all Claims between or among the Debtors shall be cancelled, an (vi) each Claim filed in the Chapter 11 Case of any Debtor shall be deemed filed against the consolidated Debtors and a single obligation of the consolidated Debtors on and after the Effective Date.

(b)     The substantive consolidation effected pursuant to this section shall not affect (other than for purposes related funding distributions under the Plan), (i) the legal and organizational structure of the Debtors, (ii) defenses to any Causes of Action or requirements for any third party to establish mutuality in order to assert a right of setoff, and (iii) distributions out of any insurance policies or the proceeds of any such policies.

7.2.    Creation of Liquidating Trust.  On the Effective Date, the Liquidating Trust shall be created.  The Liquidating Trust shall be governed by the Liquidating Trust Agreement, the Plan and the Confirmation Order.  The terms of the employment of the Liquidating Trustee shall be set forth in the Liquidating Trust Agreement and the Confirmation Order.  On the Effective Date, the Debtors shall transfer the Holdback Amount, the Rights of Action, the Subsidiary

Equity Interests, the North Dakota Property, and all other Excluded Assets, as defined in the Asset Purchase Agreement, and any other assets not sold to the Purchaser pursuant to the Asset Purchase Agreement. All transfers to the Liquidating Trust shall be free and clear of all liens, claims, interests and encumbrances, subject only to rights of holders of Allowed Claims as set forth in this Plan. Except as specifically set forth herein, holders of Allowed Claims shall look solely to the Liquidating Trust for the satisfaction of their Claims. For federal income tax purposes, the transfer of the identified assets to the Liquidating Trust will be deemed to be a transfer to the holders of Allowed Claims (who are the Liquidating Trust beneficiaries), followed by a deemed transfer by such beneficiaries to the Liquidating Trust.

      7.3.   <u>Continuation of Operations/Corporate Existence</u>. From and after the Effective Date of the Plan, the Liquidating Trustee is authorized, but is not required, to take such actions as are necessary to wind up the Debtors' affairs and complete a dissolution under applicable law.

      7.4.   <u>General Powers of the Liquidating Trustee</u>. Subject to any express limitations, the Liquidating Trustee, on behalf of the Liquidating Trust, shall have all of the rights, powers and privileges set forth in this Plan, the Confirmation Order and the Liquidating Trust Agreement. The Liquidating Trustee is authorized and shall have the obligation to take all such actions as in his/her judgment are necessary and appropriate to effectuate the purposes of the Plan, including but not limited to the following:

      7.4.1   Make all Distributions contemplated under the Plan;

      7.4.2   Consistent with maintaining the value and liquidating the residual assets of the Liquidating Trust, invest in time or demand deposits, including certificates of deposit issued by any bank approved as a depository institution by the United States Trustee's office, United States Treasury bonds and other securities guaranteed by the full faith and credit of the United States of America or any agency thereof;

      7.4.3   Supervise and administer the resolution, settlement and payment of Claims and Interests and the distributions to the holders of Allowed Claims and Allowed Interests in accordance with this Plan;

      7.4.4   Enter into any agreement on behalf of the Liquidating Trust required by or consistent with the Plan and perform all of the obligations required of the Liquidating Trustee under the Liquidating Trust or this Plan;

      7.4.5   Transfer to the holder of any Allowed Secured Claim the Collateral securing that Claim on the terms and conditions set forth in Sections ___ of this Plan;

      7.4.6   Abandon any other of the assets of the Liquidating Trust if the Liquidating Trustee concludes that such assets are of no material benefit to the Creditors or Interest Holders; provided, however, that the Liquidating Trustee will not abandon assets with a value in excess of $10,000 without first obtaining the written consent of the Post-Confirmation Committee;

      7.4.7   Participate in or initiate any proceeding before the Bankruptcy Court or any other court of appropriate jurisdiction and participate as a party or otherwise in any

Legal Proceeding, proceeding involving the Chapter 11 Cases, administrative proceeding, arbitrative proceeding or other non-judicial proceeding and litigate claims on behalf of the Liquidating Trust, including without limitation all state and federal causes of action or any other litigation which constitute an asset of the Liquidating Trust and pursue to settlement or judgment such actions;

7.4.8    Act in the name of or in the place of the Liquidating Trust in any action before the Bankruptcy Court or any other judicial or administrative body;

7.4.9    Take actions and exercise remedies against any entity that owes money to the Liquidating Trust, including without limitation, the remedies available under any deed of trust, security agreement, contract, promissory note, bond, guarantee or other instrument or document; make compromises regarding any deed of trust, security agreement, promissory note, bond, guarantee or other instrument or document; and, declare or waive defaults regarding any deed of trust, security agreement, promissory note, bond, guarantee or other instrument or document;

7.4.10    Select and employ such professionals, consultants, agents or employees as the Liquidating Trustee deems necessary to assist in the administration of the affairs of the Liquidating Trust and compensate such persons;

7.4.11    Hold any unclaimed distribution or payment to the holder of an Allowed Claim in accordance with this Plan;

7.4.12    Propose any amendment, modification or supplement to this Plan or the Liquidating Trust's governance documents;

7.4.13    File dissolution/termination documents with the appropriate governmental agencies to dissolve the Liquidating Trust;

7.4.14    Receive, conserve and manage the assets of the Liquidating Trust and sell, pursuant to 11 U.S.C. § 363(f), 11 U.S.C. § 1123(a)(5) and this Plan, or otherwise dispose of such assets for a price and upon such terms and conditions as the Liquidating Trustee deems most beneficial to the Creditors and Interest Holders and execute such deeds, bills of sale, assignments and other instruments in connection therewith;

7.4.15    Open and maintain bank accounts on behalf of or in the name of the Liquidating Trust;

7.4.16    Pay all taxes, make all tax withholdings and file tax returns and tax information returns and make tax elections by and on behalf of the Liquidating Trust;

7.4.17    Pay all lawful expenses, debts, charges and liabilities of the Liquidating Trust;

7.4.18    Enforce all provisions of this Plan, including all rights under the Asset Purchase Agreement or similar agreement and any payment or allocation of Net Sales Proceeds;

7.4.19   Protect, perfect and defend the title to any of the assets of the Liquidating Trust and enforce any bonds, mortgages or other obligations or liens owned by the Liquidating Trust;

7.4.20   Carry insurance coverage, including insurance to protect the Liquidating Trust and the Liquidating Trustee against claims brought against the Liquidating Trust or the Liquidating Trustee acting within his capacity with the Liquidating Trust, in such amounts as he/she may deem advisable;

7.4.21   Establish such reserves for taxes, assessments and other expenses of administration of the Liquidating Trust (including without limitation the Disputed Claims Reserve) as may be necessary and appropriate for the proper operation of matters incident to the affairs of the Liquidating Trust; and

7.4.22   Exercise such other powers and duties as are necessary or appropriate in the Liquidating Trustee's discretion to accomplish the purposes of this Plan.

7.5.   <u>Obligations of the Liquidating Trustee</u>.  Notwithstanding anything in this Plan or the Liquidating Trust Agreement to the contrary, the Liquidating Trustee shall have the following duties:

7.5.1   The Liquidating Trustee shall cause to be prepared a quarterly report setting out (i) receipts and disbursements during the prior quarter, (ii) a schedule of all asset dispositions, (iii) a schedule of Distributions made, and (iv) a summary listing of the status of the resolution of objections to Claims and Causes of Action.  Such quarterly report shall be filed with the Bankruptcy Court within fifteen (15) business days after the end of the relevant report preparation period.

7.5.2   The Liquidating Trustee shall maintain records and books of account relating to the Liquidating Trust's assets, the management thereof and all transactions undertaken by the Liquidating Trustee on behalf of the Liquidating Trust.  The Liquidating Trustee shall also maintain records and books of account relating to all Distributions contemplated under the Plan.

7.6.   <u>Limitations on the Powers of the Liquidating Trustee</u>.  Notwithstanding anything in the Plan or the Liquidating Trust Agreement to the contrary, the Liquidating Trust shall not include any Acquired Assets or Assumed Obligations (as defined in the Asset Purchase Agreement), and the Liquidating Trustee shall not have power over any such assets or liabilities, provided, however, that the Liquidating Trustee shall be authorized to prosecute and resolve and disputes as to Cure Costs (as defined in the Asset Purchase Agreement).

7.7.   <u>Resignation/Removal of the Liquidating Trustee</u>.  The Liquidating Trustee may resign at any time by filing a written notice of resignation with the Bankruptcy Court.  Any such resignation shall become effective on the earlier to occur of (i) sixty (60) days after the filing date of such notice; or (ii) the appointment of a successor Liquidating Trustee.  The Trustee may only be removed by order of the Bankruptcy Court for cause pursuant to a motion filed by a member of the Post-Confirmation Committee.

7.8.     Appointment of Successor Liquidating Trustee.   In the event of the death, resignation or removal of the Liquidating Trustee, the Post-Confirmation Committee shall designate a successor Liquidating Trustee.   Any successor Liquidating Trustee appointed hereunder shall execute and file a statement accepting such appointment and agreeing to be bound by the terms of the Plan and upon such filing, the successor Liquidating Trustee shall immediately become vested with all the rights, powers, trusts and duties of the Liquidating Trustee.

7.9.     Compensation Procedures.   The Liquidating Trust and all professionals employed by the Liquidating Trustee shall be entitled to payment of their fees and reimbursement of all reasonable expenses on a monthly basis; provided, however, that all such fees and expenses must be consistent with, and provided for in, the Liquidating Trustee Budget.   Prior to receiving reimbursement of any such fees and expenses, the Liquidating Trust and all professionals employed by the Liquidating Trustee shall provide invoices and other documentation supporting the amounts sought to PNC and the Post-Confirmation Committee, which parties shall have fifteen (15) days after receipt to object to payment of such amounts.   If no such objection is interposed within fifteen days after receipt, the Liquidating Trustee and other professionals seeking payment shall be entitled to payment of 100% of fees and expenses sought.   If an objection is interposed by PNC or the Post-Confirmation Committee, and the objection cannot be consensually resolved, the objection shall be resolved by order of the Bankruptcy Court; provided, however, that the Liquidating Trustee shall pay any portion of such fees that is not subject to objection.

## ARTICLE 8
## CLAIM/INTEREST OBJECTION PROCEDURES,
## TREATMENT OF DISPUTED CLAIMS/INTERESTS
## AND PROCEDURE FOR ASSERTING CLAIMS

8.1.     Objection Process.   The Liquidating Trustee on behalf of the Liquidating Trust shall have the sole right to object to the allowance of any Claims or Interests provided for under the Plan.   Subject to the preceding sentence, all objections shall be litigated to Final Order; provided, however, that the Liquidating Trustee shall have the authority to compromise, settle or otherwise resolve all objections.   Unless otherwise ordered by the Bankruptcy Court, the Liquidating Trustee shall file and serve all objections to Claims and Equity Interests no later than (i) 120 days after the later of (a) the Effective Date; or (b) the date on which a proof of claim, proof of interest or request for payment is filed with the Bankruptcy Court or (ii) such other date as may be approved by the Bankruptcy Court after notice and hearing.

8.2.     Filing of Claims and Causes of Action.   The Liquidating Trustee shall have the exclusive right to file and prosecute any Claims and Causes of Action on behalf of the Liquidating Trust, including all derivative Causes of Action.   The Liquidating Trustee shall have the authority to compromise, settle or otherwise resolve all Claims and Causes of Action pursuant to the provisions of the Liquidating Trust Agreement.

8.3.     Disputed Claims Reserve.   A Disputed Claims Reserve shall be established by the Liquidating Trustee for the treatment of Disputed Claims.   The Disputed Claims Reserve shall be either held in a separate bank account from all other funds held by the Liquidating

Trust/Liquidating Trustee or segregated by book entry in the Liquidating Trustee's accounting records.  On each Distribution Date, the Liquidating Trustee shall deposit into a Disputed Claims Reserve an amount equal to the Pro Rata share of the Distribution allocable to such Disputed Claims, in accordance with the distribution scheme contemplated in the Plan, as if such Claims and/or Equity Interests were Allowed Claims or Equity Interests.  Amounts deposited into the Disputed Claims Reserve shall be held in trust for the benefit of the holders of Disputed Claims pending a determination of their entitlement thereto under the terms of the Plan.  Once such Disputed Claim is determined by Final Order or settlement to be an Allowed Claim, the Liquidating Trustee is authorized make Distributions in respect of the Allowed Amount of such Claim called for under the Plan without further approval from or notice to any person or entity.

8.4.    Distributions to Holders of Disputed Claims.  Within 10 Business Days after such time as a Disputed Claim becomes an Allowed Claim or Equity Interest, but in no event earlier than the first Payment Date, any Distributions reserved for such Allowed Claim or Equity Interest shall be released from the Disputed Claims Reserve and delivered to the holder of such Allowed Claim or Equity Interest in an amount proportionate to the Allowed Amount of any such Claim or Equity Interest.  In the event that the Disputed Claim is disallowed in whole or in part, or otherwise settled in an amount less than the Disputed Claim amount, the disallowed or reduced portion of such Claim or Equity Interest shall be distributed from the Disputed Claim Reserve to holders of Allowed Claims or Equity Interests as Available Cash on the next Payment Date in accordance with the Plan without further approval from or notice to any person or entity.

8.5.    Disallowance of Late Filed Proofs of Claim.  Except as otherwise provided in the Plan, any proof of claim filed by the holder of such Claim after the Bar Date is hereby disallowed.

8.6.    Provisions Governing Distributions.

8.6.1    Record Date for Claims.  The record date for Distributions to Allowed Claims under this Plan shall be the date the Bankruptcy Court enters its order conditionally approving the Disclosure Statement.  For purposes of Distributions to holders of Allowed Claims, the Liquidating Trustee will rely on the claims docket maintained by the Noticing Agent except to the extent a notice of transfer of Claim or Interest has been filed with the Court prior to the record date pursuant to Bankruptcy Rule 3001.

8.6.2    Delivery of Distributions to Holders of Allowed Claims.  Subject to Bankruptcy Rule 9010, Distributions to holders of Allowed Claims will be made at the address of each such holder as set forth on the proofs of claim filed by such holders, or at the last known address of such holder if no proof of claim is filed, unless the holder of the Allowed Claim has otherwise notified the Liquidating Trustee in writing of a change of address.  If any holder's Distribution is returned as undeliverable, it will be treated in accordance with Article 8.6.4 herein.  The Liquidating Trustee may, but shall not be required to make any Distribution of less than $25.00.

8.6.3    Unclaimed Distributions.  The Liquidating Trustee shall file a Notice of Distribution within ten (10) Business Days after the date on which Distributions are made

under the Plan.  All claims for undeliverable Distributions must be made no later than the 60th day following the date that the Notice of Distribution is filed.  After such date, all unclaimed Distributions will revert to the Liquidating Trust for distribution in accordance with this Plan and the remaining Claim or Equity Interest of any holder with respect to such Distribution will be discharged and forever barred.

       8.6.4   <u>Uncashed Checks</u>.  Checks issued in respect of Allowed Claims and/or Equity Interests will be null and void if not negotiated within ninety (90) days after the date of issuance thereof.  Distributions with respect to such un-negotiated checks will revert to the Liquidating Trust for distribution in accordance with this Plan and the remaining Claim of any holder with respect to such Distribution will be discharged and forever barred.

## ARTICLE 9
## EXECUTORY CONTRACTS AND UNEXPIRED LEASES

       9.1.   <u>Rejection of Executory Contracts and Unexpired Leases</u>.  All executory contracts and unexpired leases that are not assumed and assigned to Purchaser pursuant to the Asset Purchase Agreement are rejected as of the Effective Date, unless otherwise dealt with by the Plan or the Confirmation Order, or any other Order of the Court entered prior to the Effective Date, or for any executory contracts or unexpired leases that are subject of a motion to assume pending on the Effective Date, which contracts or leases shall be treated in accordance with the order authorizing the assumption of such contracts or leases.

       9.2.   <u>Claims Based on Rejection of Executory Contracts or Unexpired Leases</u>.  Damages arising from the rejection of an executory contract or unexpired lease shall be a General Unsecured Claim against the Debtor that is a party to the rejected executor contract or unexpired leases unless subordinated under applicable law.  Any Claim for damages arising from the rejection of an executory contract or unexpired lease must be asserted in a proof of claim filed with the Bankruptcy Court no later than twenty (20) days following the earlier of: (a) the date of entry of an order of the Bankruptcy Court approving such rejection, or (b) the Effective Date of the Plan.  Any Claims not filed within such times shall be forever barred from assertion against the Debtors, the Liquidating Trust or the Liquidating Trustee.  The Liquidating Trustee shall mail a notice to all known affected parties of (i) the Debtors' rejection of executory contracts and unexpired leases and (i) the deadline for asserting claims for damages arising from the rejection of such executory contracts and unexpired leases.

## ARTICLE 10
## EFFECT OF REJECTION BY ONE OR MORE CLASSES OF CLAIMS

       10.1.   <u>Impaired Classes to Vote</u>.  Each impaired class of Claims shall be entitled to vote separately to accept or reject the Plan.  A holder of a Disputed Claim which has not been temporarily allowed for purposes of voting on the Plan may vote only such Disputed Claim in an amount equal to the portion, if any, of such Claim shown as fixed, liquidated and undisputed in the Debtors' Schedules and is not the subject of a subsequently filed objection as to such fixed, liquidated, undisputed amount.  Class 5 Equity Interests will be cancelled under the Plan, and Holders of Class 5 Claims are deemed to reject the Plan.

10.2.   <u>Acceptance by Class</u>.  A class shall have accepted the Plan if the Plan is accepted by at least two-thirds (2/3) in amount and more than one-half (1/2) in number of the Allowed Claims or Equity Interests of such class that have voted to accept or reject the Plan.

10.3.   <u>Reservation of Cramdown Rights</u>.  In the event that any impaired class shall fail to accept this Plan in accordance with § 1129(a) of the Bankruptcy Code, the Debtors reserve the right to request the Bankruptcy Court to confirm the Plan in accordance with the provisions of § 1129(b) of the Bankruptcy Code as to any or all of the Debtors.

**ARTICLE 11**
**EFFECT OF CONFIRMATION**

11.1.   <u>Legally Binding Effect</u>.  The provisions of this Plan shall bind all Creditors and Interest Holders, whether or not they accept this Plan.  On and after the Effective Date, all holders of Claims shall be precluded and forever enjoined from asserting any (i) Claim against the Debtors, the Liquidating Trust or their assets or properties based on any transaction or other activity of any kind that occurred prior to the Effective Date except as permitted under the Plan; and (ii) derivative claims, including claims against third parties asserting alter ego claims, fraudulent transfer claims, guaranty claims or any type of successor liability based on acts or omissions of the Debtors.

11.2.   <u>Limited Discharge of Debtors and Injunction</u>.   The entry of the Confirmation Order will operate as a general resolution with prejudice, as of the Effective Date, of all pending Legal Proceedings, if any, against the Debtors and their assets and properties and any proceedings not yet instituted against the Debtors or their assets and properties, except as otherwise provided in the Plan.  Except as otherwise expressly provided in the Plan or the Confirmation Order, all Persons who have held, may have held, hold, or may hold Claims or Interests against the Debtors are permanently enjoined on and after the Effective Date from (a) commencing or continuing in any manner any action or other proceeding of any kind against the Debtors or their property, the Liquidating Trust or the Liquidating Trustee, with respect to any such Claim or Interest, (b) the enforcement, attachment, collection or recovery by any manner or means of any judgment, award, decree or order with respect to any such Claim or Interest in or against the Debtors or their property, or the Liquidating Trust or the Liquidating Trustee, (c) creating, perfecting, or enforcing any encumbrance of any kind against the Debtors or their property, or the Liquidating Trust or the Liquidating Trustee, with respect to such Claim or Interest, (d) asserting any right of subrogation of any kind against any obligation due to the Debtors or the property of the Debtors or the Estates with respect to any such Claim and (e) asserting any right of setoff or recoupment against the Debtors or the Estates except as specifically permitted by § 553 of the Bankruptcy Code.  Unless otherwise provided in the Plan or by order of the Bankruptcy Court, all injunctions or automatic stays provided for in these cases pursuant to § 105, if any, or § 362 of the Bankruptcy Code, or otherwise, and in existence on the Confirmation Date will remain in full force and effect until the Effective Date.

11.3.   <u>RELEASE BY THE DEBTORS</u>.    FOR  GOOD  AND  VALUABLE CONSIDERATION, INCLUDING THE SERVICE OF THE RELEASED PARTIES TO FACILITATE THE REORGANIZATION OF THE DEBTORS AND THE IMPLEMENTATION OF THE RESTRUCTURING CONTEMPLATED BY THE PLAN, ON

AND AFTER THE EFFECTIVE DATE, THE RELEASED PARTIES ARE HEREBY RELEASED AND DISCHARGED BY THE DEBTORS, THE REORGANIZED DEBTORS, THE LIQUIDATING TRUST, THE LIQUIDATING TRUSTEE, AND THE ESTATES, INCLUDING ANY SUCCESSOR TO ANY OF DEBTORS OR ANY ESTATE REPRESENTATIVE (INCLUDING THE LIQUIDATING TRUSTEE), FROM ALL CLAIMS, INTERESTS, OBLIGATIONS, RIGHTS, SUITS, DAMAGES, JUDGMENTS, CAUSES OF ACTION, REMEDIES AND LIABILITIES WHATSOEVER, INCLUDING ANY DERIVATIVE CLAIMS ASSERTED OR ASSERTABLE ON BEHALF OF A DEBTOR, WHETHER KNOWN OR UNKNOWN, FORESEEN OR UNFORESEEN, LIQUIDATED OR UNLIQUIDATED, CONTINGENT OR FIXED, EXISTING OR HEREAFTER ARISING, IN LAW, AT EQUITY OR OTHERWISE, WHETHER FOR INDEMNIFICATION, TORT, CONTRACT, VIOLATIONS OF FEDERAL OR STATE SECURITIES LAWS OR OTHERWISE, BASED ON OR RELATING TO, OR IN ANY MANNER ARISING FROM, IN WHOLE OR IN PART, THE DEBTORS AND THEIR NON-DEBTOR SUBSIDIARIES AND AFFILIATES, THE ESTATES, THE ACTIVITIES AND CONDUCT OF THE BUSINESSES OF THE DEBTORS AND THEIR NON-DEBTOR SUBSIDIARIES AND AFFILIATES, THE CHAPTER 11 CASES, THE PURCHASE, SALE OR RESCISSION OF THE PURCHASE OR SALE OF ANY SECURITY OF THE DEBTORS OR THE REORGANIZED DEBTORS, THE SUBJECT MATTER OF, OR THE TRANSACTIONS OR EVENTS GIVING RISE TO, ANY CLAIM OR INTEREST THAT IS TREATED IN THE PLAN, THE RESTRUCTURING OF CLAIMS AND INTERESTS PRIOR TO OR DURING THE CHAPTER 11 CASES, THE NEGOTIATION, FORMULATION OR PREPARATION OF THE PLAN, THE DISCLOSURE STATEMENT, AND, IN EACH CASE, RELATED AGREEMENTS, INSTRUMENTS OR OTHER DOCUMENTS, ANY ACTION OR OMISSION AS AN OFFICER, DIRECTOR, AGENT, REPRESENTATIVE FIDUCIARY, CONTROLLING PERSON, LENDER, AFFILIATE OR RESPONSIBLE PARTY, ANY TRANSACTION ENTERED INTO WITH OR AFFECTING, A DEBTOR OR A NON-DEBTOR SUBSIDIARY, INCLUDING BUSINESS OR CONTRACTUAL RELATIONSHIPS BETWEEN THE DEBTORS AND ANY RELEASED PARTY, OR ANY OTHER ACT OR OMISSION, TRANSACTION, AGREEMENT, EVENT OR OTHER OCCURRENCE TAKING PLACE ON OR BEFORE THE EFFECTIVE DATE OF THE PLAN, OTHER THAN CLAIMS OR LIABILITIES ARISING OUT OF OR RELATING TO ANY ACT OR OMISSION OF A RELEASED PARTY TO THE EXTENT SUCH ACT OR OMISSION IS DETERMINED BY A FINAL ORDER TO HAVE CONSTITUTED WILLFUL MISCONDUCT, GROSS NEGLIGENCE, OR FRAUD. NOTWITHSTANDING ANYTHING CONTAINED HEREIN TO THE CONTRARY, THIS RELEASE DOES NOT RELEASE ANY (A) POST-EFFECTIVE DATE OBLIGATIONS OF ANY PARTY UNDER (X) THE PLAN OR (Y) ANY DOCUMENT, INSTRUMENT OR AGREEMENT IMPLEMENTING THE PLAN OR (B) CONTINUING CONTRACTUAL OBLIGATION OWED BY ANY RELEASED PARTY TO OR FOR THE BENEFIT OF ANY DEBTOR OR REORGANIZED DEBTOR.

      11.4.  <u>Limited Protection of Certain Parties in Interest</u>.  Neither (a) the Debtors, the Committee, the Liquidating Trustee, PNC or any of their respective employees, officers, directors, agents, representatives, affiliates, attorneys, financial advisors, or any other professional persons employed by any the Debtors, the Committee, the Liquidating Trustee or PNC, nor (b) each Professional for the Debtors or any of their employees, officers, directors, agents, representatives, affiliates, attorneys, financial advisors, or any other professional persons

employed by any of them (the persons identified in (a) and (b) are collectively referred to as "Protected Persons"), shall have or incur any liability to any Person or Entity under any theory of liability for any act or omission occurring on or after the Petition Date in connection with or related to the Debtors, the Chapter 11 Cases, or the Estates, including, but not limited to, (i) formulating, preparing, disseminating, implementing, confirming, consummating or administering this Plan (including soliciting acceptances or rejections thereof); or (ii) the Disclosure Statement or any contract, instrument, release or other agreement or document entered into or any action taken or omitted to be taken in connection with this Plan, except for acts constituting willful misconduct, gross negligence, or *ultra vires* activity and in all respects such Protected Persons shall be entitled to rely in good faith upon the advice of counsel. In any action, suit or Legal Proceeding by any Person contesting any action by, or non-action of any Protected Person as constituting willful misconduct, gross negligence, or *ultra vires* activity or not being in good faith, the reasonable attorneys' fees and costs of the prevailing party will be paid by the losing party and as a condition to going forward with such action, suit, or Legal Proceeding at the outset thereof, all parties thereto will be required to provide appropriate proof and assurances of their capacity to make such payments of reasonable attorneys' fees and costs in the event they fail to prevail.

11.5.   Indemnification.  The Liquidating Trust shall indemnify each Person identified as a Protected Person against any and all costs and expenses (including attorneys' fees) incurred by any of them in defending against post-Confirmation Date claims that are based on actions allegedly taken (or not taken) by them in their respective capacities relating to the Debtors, the Liquidating Trust or this Plan; provided, however, that no Protected Person shall be entitled to indemnification under this Plan for the costs and expenses of defending a cause of action in which it is ultimately judicially determined that such Protected Person was grossly negligent or acted fraudulently or with willful misconduct in performing such Protected Person's duties hereunder or under any Final Order of the Bankruptcy Court or applicable law, or *ultra vires* activity.  Any Protected Person entitled to indemnification under this section shall have a priority distribution right that is senior to the holders of Allowed General Unsecured Claims against the Liquidating Trust.  The Liquidating Trustee may use the Liquidating Trust's Assets (as an expense of consummating this Plan) to purchase indemnification insurance to satisfy any potential indemnification claims that may arise under this section.

11.6.   Continuation of Anti-Discrimination Provisions of Bankruptcy Code.   A Governmental Unit may not deny, revoke, suspend, or refuse to renew a license, permit, charter, franchise, or other similar grant to, condition such a grant to, or discriminate with respect to such a grant against, the Debtors, the Liquidating Trust, the Liquidating Trustee or another Person with whom the Debtors have been or are associated or affiliated, solely because of the commencement, continuation, or termination of the case or because of any provision of the Plan or the legal effect of the Plan, and the Confirmation Order will constitute an express injunction against any such discriminatory treatment by a Governmental Unit.  Moreover, a Governmental Unit may not deny, revoke, suspend, or refuse to renew a license, permit, charter, franchise, or other similar grant to the Debtors based upon any requirement that the Debtors place a bond or other surety obligation with such governmental unit as a condition of receipt of such a license, permit, charter, franchise, or other similar grant to the Debtors.

11.7.  <u>Preservation of Claims and Rights</u>.  The non-disclosure or non-discussion of any particular Claim, Cause of Action, Right of Action or claim for relief is not and shall not be construed as a settlement, compromise, waiver, or release of any such Claim, Cause of Action, Right of Action or claim for relief.  **The Debtors, the Liquidating Trust and the Liquidating Trustee reserve and retain any and all claims and rights against any and all third parties not otherwise released herein (INCLUDING, WITHOUT LIMITATION, PURSUANT TO ARTICLE 11.3 of this Plan), whether such claims and rights arose before, on or after the Petition Date, the Confirmation Date, the Effective Date, the Record Date and/or any Distribution date, including, without limitation, any and all Causes of Action, Rights of Action and/or claims for relief that the Debtors, the Liquidating Trustee or the Liquidating Trust may have against (i) any insurer and/or insurance policies in which either the Debtors and/or their current or former personnel have an insurable or other interest in or right to make a claim against, any other of the Debtors' insurers; (ii) any recipient of a transfer identified in the Debtors' statements of financial affairs, including any amendments thereto, filed in these Chapter 11 Cases based on Causes of Action under chapter 5 of the Bankruptcy Code; or (iii) the parties set forth on the attached <u>Plan Exhibit 3</u> based on any Causes of Action, Rights of Action, Avoidance Actions or claims for relief. The entry of the Confirmation Order shall not constitute *res judicata* or otherwise bar, estop or inhibit any actions by the Debtors, the Liquidating Trust or the Liquidating Trustee relating to any claims, Causes of Action or Rights of Action referred to in this Article 11.7, or otherwise, except as released and barred in Articles 11.3 or 11.4.  Except as specifically set forth herein, the Liquidating Trustee shall constitute the representative of the Estates for purposes of retaining, asserting and/or enforcing Rights of Action under § 1123(b)(3)(B) of the Bankruptcy Code.  On the Effective Date, the Liquidating Trustee shall be substituted as a party of record in all pending litigation brought by or against the Debtors without need for further order of the Bankruptcy Court.**

## ARTICLE 12
## RETENTION OF JURISDICTION

12.1.  <u>Exclusive Bankruptcy Court Jurisdiction</u>.  The Court shall retain and have exclusive jurisdiction over these Chapter 11 Cases to the maximum extent provided by law for the follow purposes following the Confirmation Date:

12.1.1    To determine any and all objections to the allowance and classification of Claims or Interests;

12.1.2    To determine the validity and priority of any Lien;

12.1.3    To determine the Allowed Amount of any Claim, whether secured or unsecured;

12.1.4    To allow any and all applications for allowances of compensation and reimbursement of expenses payable from the Estates;

12.1.5    To determine any and all applications or motions pending before the Court on the Effective Date of the Plan, including without limitation any motions for the

rejection, assumption or assumption and assignment of any executory contract or unexpired lease.

12.1.6    To consider and approve any modification of this Plan, remedy any defect or omission or reconcile any inconsistency in the Plan, or any order of the Court, including the Confirmation Order;

12.1.7    To hear and determine all controversies, suits and disputes that may arise in connection with the interpretation, enforcement or consummation of this Plan, the Confirmation Order, any transactions or payments contemplated hereby or any agreement, instrument or other document governing or related to any of the foregoing;

12.1.8    To consider and resolve any objections to the compensation of the Liquidating Trustee or other professionals retained by the Liquidating Trust;

12.1.9    To consider and act on the compromise and settlement of any claim or cause of action by or against the Debtors;

12.1.10   To issue orders in aid of execution and implementation of this Plan and the Confirmation Order, to the extent authorized by 11 U.S.C. § 1142 or provided by the terms of this Plan; and

12.1.11   To hear and determine matters concerning federal, state or local taxes in accordance with §§ 346, 505 or 1146 of the Bankruptcy Code

12.2.    Limitation on Jurisdiction.   In no event shall the provisions of this Plan be deemed to confer in the Bankruptcy Court jurisdiction greater than that established by the provisions of 28 U.S.C. §§ 157 and 1334.

## ARTICLE 13
## CONDITIONS TO CONFIRMATION OF PLAN

13.1.    Conditions Precedent to Effective Date.   The following are conditions precedent to the occurrence of the Effective Date:

13.1.1    The Confirmation Order, in a form and in substance reasonably satisfactory to the Debtors and PNC, shall have been entered by the Bankruptcy Court;

13.1.2    The form of all documents necessary or appropriate to give effect to the transactions contemplated under the Plan, if any, have been approved by PNC and executed;

13.1.3    The form of Liquidating Trust Agreement shall be approved by PNC and the Committee;

13.1.4    All required consents, approvals, and authorizations, if any, have been obtained;

13.1.5    There shall be no stay of the Confirmation Order in effect;

13.1.6    A notice of the occurrence of the Effective Date, acknowledged and signed by PNC, counsel to the Committee, and counsel to the Debtors, shall be filed on the Bankruptcy Court docket; and

13.1.7    All other actions, documents and agreements necessary to implement the Plan shall have been effected or executed.

13.2.    <u>Annulment of Plan if Conditions Not Waived or Satisfied</u>.  The Debtors and PNC reserve the right to waive any of the conditions precedent to the Effective Date.  If any of the conditions precedent are not waived, and are not satisfied within the specified time periods or can no longer occur, the Confirmation Order will be annulled and the Debtors and all parties in interest will return to the *status quo ante* immediately before the entry of the Confirmation Order.

# ARTICLE 14
# NOTICE PROVISIONS

14.1.    <u>Notices</u>.  All notices, requests, elections or demands in connection with this Plan, including any change of address of any Creditor or Interest Holder for the purposes of receiving Distributions under this Plan and to avoid forfeiting the same pursuant to Article 8 of this Plan, shall be in writing and shall be delivered personally, by facsimile, overnight courier or first class mail.  Such notice shall be deemed to have been given when received or, if mailed by first class mail, 5 Business Days after the date of mailing, or if by overnight courier, the next Business Day following the date of mailing.  Notices required to be sent to the following parties under this Plan shall be addressed to:

*To the Liquidating Trust/Liquidating Trustee:*

[*]

*To the Debtors:*

Elizabeth M. Guffy
Locke Lord LLP
2800 JPMorgan Chase Tower
600 Travis
Houston, Texas  77002
Telephone: (713) 226-1328
Facsimile: (713) 226-2647

14.2.    <u>Limitation on Notice</u>.  The Debtors/Liquidating Trustee shall give the following notice with regard to the following matters, which notice shall be deemed to be good and sufficient notice of such matters with no requirement for any additional or further notice:

14.2.1    <u>Notice of Entry of Effective Date</u>.  Notice of the Effective Date shall be sufficient if mailed to all known holders of Claims and Equity Interests (which have not

become Disallowed as of the date of mailing). Such notice shall be mailed within 5 Business Days of the Effective Date. In addition, notice of the entry of the Effective Date shall be published in the Houston Chronicle, which such publication shall constitute constructive notice of the Effective Date.

        14.2.2   Post-Confirmation Date Service. From and after the date the Confirmation Order becomes a Final Order, notices of appearances and demands for service of process filed with the Court prior to such date shall no longer be effective. No further notices (other than notice of entry of the Confirmation Order) shall be required to be sent to any entities or Persons, except those Persons specified in Article 14.1 of this Plan, PNC, the Post-Confirmation Committee, the Office of the U.S. Trustee and any Creditor or Interest Holder who files a renewed request for service of pleadings and whose Claim has not been fully satisfied.

    14.3.   General Notice To Creditors. All notices and requests to Creditors or Interest Holders of any Class shall be sent to them at the addresses set forth on the proofs of claim or, if no proof of claim was filed, to their last known address as reflected in the Debtors' records. Any Creditor or Interest Holder may designate in writing any other address for purposes of this Article, which designation shall be effective upon receipt by the Liquidating Trustee.

## ARTICLE 15
## COMPROMISES AND SETTLEMENTS

    15.1.   Effect of Confirmation Order. Pursuant to § 363 of the Bankruptcy Code and Bankruptcy Rule 9019, and in consideration for the classification, distribution and other benefits provided under the Plan, the provisions of the Plan shall constitute a good faith compromise and settlement of all Claims, Interests and controversies resolved pursuant to the Plan, including, without limitation, all Claims arising prior to the Effective Date, whether known or unknown, foreseen or unforeseen, asserted or unasserted, arising out of, relating to or in connection with the business or affairs of, or transactions with, the Debtors. The entry of the Confirmation Order shall constitute the Bankruptcy Court's approval of each of the foregoing compromises or settlements, and all other compromises and settlements provided for in the Plan, and the Bankruptcy Court's findings shall constitute its determination that such compromises and settlements are in the best interests of the Debtors, the Estates, Creditors and other parties in interest, and are fair, equitable and within the range of reasonableness.

## ARTICLE 16
## MISCELLANEOUS PROVISIONS

    16.1.   Bar Date for Administrative Claims. No Administrative Claim, other than Professional Fees and United States Trustee fees, will be paid unless the holder of such Administrative Claim has filed an application for payment of such Administrative Claim on or before the Administrative Claim Bar Date. Upon the filing of any application for payment, the entity seeking payment of an Administrative Claim shall provide notice by United States Mail in accordance with the Bankruptcy Rules. Any Administrative Claim, other than Professional Fees and United States Trustee fees, not filed in accordance with this section shall be barred and the

Debtors, the Liquidating Trust and the Liquidating Trustee shall have no liability for payment of any such Administrative Claim.

16.2.  <u>Objections to Administrative Claims</u>.  Objections to Applications for payment of Administrative Claims may be filed by any party in interest.  In order to be considered, such objections must be filed on or before the 21st day following the date on which the application was filed.  Any objections will be determined by the Bankruptcy Court.

16.3.  <u>Payment of Professional Fees</u>.  Each holder of a Professional Fee Claim shall be paid in respect of such Professional Fee Claim in Cash, in full, on the later of (i) the Effective Date, or (ii) the date of entry of a Final Order from the Bankruptcy Court approving the final application for such professional's allowance of Professional Fees.  Final fee applications for any Professional Fee Claim shall be filed within forty-five (45) days of the Effective Date and such applications and objections thereto (if any) shall be filed in accordance with and comply in all respects with the Bankruptcy Code, the Bankruptcy Rules, applicable local rules, and the Fee Procedures Order.  The failure to file an application by the foregoing deadline shall constitute a waiver of all such Professional Fee Claim.

16.4.  <u>Payment of United States Trustee Fees</u>.  Within thirty (30) days of the date that such payments are due, the Liquidating Trustee shall pay all amounts owing to the United States Trustee as fees and costs imposed in connection with these Chapter 11 Cases.

16.5.  <u>Substantive Consolidation</u>.  To the extent necessary, the Plan serves as a motion by the Debtors seeking entry of an order granting substantive consolidation, upon the Effective Date, of the estates and all the debts of all of the Debtors for all purposes, including for Distributions to be made under the Plan.  Pursuant to such order (which may be the Confirmation Order):  (i) all assets and liabilities of the Debtors shall be deemed merged; (ii) all guarantees by one Debtor of the obligations of another Debtor shall be deemed eliminated so that any claim against any Debtor and any guarantee thereof executed by any other Debtor and any joint and several liability of the Debtors shall be deemed to be one obligation of the consolidated Debtors; (iii) each and every Claim Filed or to be Filed in the Bankruptcy Case of any of the Debtors shall be deemed Filed against the consolidated Debtors and shall be deemed one claim against and a single obligation of the consolidated Debtors; and (iv) Claims by one Debtor against another Debtor shall be Disallowed Claims without a further order of the Bankruptcy Court or action by any Person.

Unless an objection to such consolidation is made in writing by any creditor or claimant affected by the consolidation relief sought in the Plan, filed with the Bankruptcy Court and served on the parties as set out in the Disclosure Statement Order on or before the Voting Deadline or such other date as may be fixed by the Bankruptcy Court, the consolidation order (which may be the Confirmation Order) may be entered by the Bankruptcy Court.  In the event a Person with standing to assert an objection timely files any such objection, a hearing with respect thereto shall occur at the Confirmation Hearing.

Except as set forth in this Section, such substantive consolidation shall not affect (a) the legal and corporate structure of the Debtors, or (b) any obligations under any leases or contracts

assumed and assigned in the Plan or otherwise after the Petition Date, or (c) the ability of the Liquidating Trustee to take any action provided by the Plan or the Liquidating Trust Agreement.

Notwithstanding the substantive consolidation of the Bankruptcy Estates for the purposes set forth herein, the Liquidating Trust shall pay on behalf of each Debtor all United States Trustee Fee Claims on all disbursements, including Plan Distributions and disbursements in and outside of the ordinary course of business, until the entry of a final decree in each Debtor's Chapter 11 Case, dismissal of its Chapter 11 Case, or conversion of its Chapter 11 Case to a case under chapter 7 of the Bankruptcy Code.

16.6.    <u>Employee Benefit Plans</u>.  Unless terminated earlier under the terms of the Asset Purchase Agreement, prior to thirty (30) days after to the Effective Date, all Employee Benefit Plans shall be terminated in accordance with the applicable provisions of the state and federal law.

16.7.    <u>Directive to State Agencies</u>.  At such time as any of the Debtors or Liquidating Trustee file articles of dissolution, all governmental agencies are directed to accept such articles and recognize the dissolution of the Debtors regardless of whether all Claims, including taxes have been paid in full.  For purposes of dissolution, the transfer of the Net Sales Proceeds (if any) and Other Property to the Liquidating Trust under the Plan constitutes satisfaction in full of all outstanding liabilities.

16.8.    <u>Satisfaction of Liabilities</u>.  The rights afforded in the Plan and the treatment of all Claims and Interests herein shall be in exchange for and in complete satisfaction and release of all Claims and Interests of any nature whatsoever against the Debtors or any of their Estates, assets, properties, or interests in property.

16.9.    <u>Warranty of Transfers from Liquidating Trust</u>.  All property to be transferred by the Liquidating Trustee on behalf of the Liquidating Trust to any person or entity under this Plan, is transferred "as is, where is," with no representation or warranty of any kind except that all transfers shall be transferred free and clear of all liens, claims and encumbrances pursuant to 11 U.S.C. § 363(f) and 11 U.S.C. § 1123(a)(5).

16.10.    <u>Compliance with Tax Requirements</u>.  In connection with each distribution with respect to which the filing of an information return (such as an Internal Revenue Service Form 1099 or 1042) or withholding is required, the Liquidating Trustee shall file such information return with the Internal Revenue Service and provide any required statements in connection therewith to the recipients of such distribution or effect any such withholding and deposit all moneys so withheld as required by law.  With respect to any Person from whom a tax identification number, certified tax identification number or other tax information required by law to avoid withholding has not been received by the Liquidating Trustee within thirty (30) days from the date of such request, the Liquidating Trustee may, at its option, withhold the amount required and distribute the balance to such Person or decline to make such distribution until the information is received.

16.11.  Amendment of the Plan.  This Plan may be amended or modified by the Debtors before, or by the Liquidating Trustee after the Effective Date, as provided in § 1127 of the Bankruptcy Code.

16.12.  Timing of Distributions.  Unless otherwise specified herein, all payments and Distributions shall be made on a Payment Date determined by the Liquidating Trustee after consultation with the Post-Confirmation Committee.  When a provision of this Plan requires that a payment shall be made on a certain date, such payment may be made (i) at any time prior to the date on which such payment is due; (ii) in more frequent intervals than set forth in such provision of the Plan; or (iii) not more than fourteen (14) days after the date any such payment is due.  Notwithstanding the foregoing, no payment shall be considered late or otherwise result in a default unless the Liquidating Trustee has failed to make the payment after the passage of thirty (30) days following the receipt by the Liquidating Trustee of a written notice advising that a payment has not been received in accordance with the times set forth in this paragraph.

16.13.  Enforcement of Settlement Agreements.  Any written settlements approved by the Bankruptcy Court during these Chapter 11 Cases will be honored according to their terms for the purposes of distribution under this Plan.

16.14.  Filing of Documents in Public Records.  Pursuant to § 1146 of the Bankruptcy Code, the issuance, transfer or exchange of a security or the making of an instrument of transfer under this Plan (including without limitation the filing of any mortgage, deed of trust, security agreement, uniform commercial code financing statement or other similar document) shall not be taxed under any law imposing a stamp tax or similar tax.  All state or local governmental officials or agents are hereby directed to forego the collection of any such tax or governmental assessment and to accept for Filing and recordation any of the foregoing instruments or other documents without the payment of any such tax or governmental assessment.

16.15.  Right to Seek Further Orders.  The Debtors and the Liquidating Trustee, if and to the extent necessary, will seek such orders, judgments, injunctions, regulatory approvals, and rulings that may be required to carry out and further the intentions and purposes, and give full effect to the provisions, of the Plan.

16.16.  Intercompany Claims.  All Intercompany Claims, if any, are waived, released and extinguished as of the Effective Date and shall receive no distributions under the Plan.

16.17.  Withdrawal of Plan.  The Debtors reserve the right to withdraw this Plan at any time prior to the Confirmation Date.  If the Debtors withdraw this Plan prior to the Confirmation Date, or if the Confirmation Date or the Effective Date does not occur, then this Plan shall be deemed null and void.  In such event, nothing contained herein shall be deemed to constitute an admission, waiver or release of any Claims by or against the Debtors, the Estates or any other person, or to prejudice in any manner the rights of the Debtors, the Estates or any person in any further Legal Proceedings involving the Debtors.

16.18.  Due Authorization by Creditors.  Each and every Creditor who elects to participate in the Distributions provided for herein (i) warrants that it is authorized to accept in consideration of its Claim against the Debtors the Distributions provided for in this Plan; and (ii)

states that there are no outstanding commitments, agreements, or understandings, express or implied, that may or can in any way defeat or modify the rights conveyed or obligations undertaken by it under this Plan.

16.19.   Filing of Additional Documentation.   On or before the Effective Date, the Debtors may file with the Bankruptcy Court such agreements and other documents as may be necessary or appropriate to effectuate and further evidence the terms and conditions of this Plan.

16.20.   Implementation.   The Debtors, the Liquidating Trust and the Liquidating Trustee shall be authorized to perform all reasonable, necessary and authorized acts to consummate the terms and conditions of the Plan.

16.21.   Substantial Consummation.   On the Effective Date, the Plan shall be deemed to be substantially consummated under Bankruptcy Code §§ 1101 and 1127(b).

16.22.   Further Effect of Confirmation.   Confirmation of this Plan effects no settlement, compromise, waiver or release of any Claim or cause of action unless this Plan or the Confirmation Order specifically so provides.   The non-disclosure or non-discussion of any particular Claim or cause of action is not and shall not be construed as a settlement, compromise, waiver, or release of any such Claim or cause of action.

16.23.   Reservation of Claims.   Except to the extent that such claims were expressly released pursuant to the Plan (including, without limitation, pursuant to Article 11.3 of the Plan) the Debtors, the Liquidating Trust and the Liquidating Trustee reserve any and all claims and rights against any and all third parties, whether such claims and rights arose before, on or after the Petition Date, the Confirmation Date, the Effective Date, the Record Date and/or any Distribution Date, including, without limitation, any and all Claims and Causes of Action for relief that the Debtors, the Liquidating Trust or the Liquidating Trustee may have against any director, officer, any insurer under any insurance policy, or any other person or entity. The entry of the Confirmation Order shall not constitute *res judicata* or otherwise bar, estop or inhibit any actions by the Debtors, the Liquidating Trust or the Liquidating Trustee relating to any Claims or Causes of Action.   The Liquidating Trustee shall constitute the representative of the Liquidating Trust for purposes of asserting and/or enforcing Claims and Causes of Action under § 1123(b)(3)(B) of the Bankruptcy Code.

16.24.   Dates.   The provisions of Bankruptcy Rule 9006 shall govern the calculation of any dates or deadlines referenced in the Plan.

16.25.   Governing Law.   Except to the extent that the Bankruptcy Code or Bankruptcy Rules are applicable, the rights and obligations arising under the Plan shall be governed by, and construed and enforced in accordance with, the laws of the State of Texas, without giving effect to any conflicts of law principles.

16.26.   Conflict.   Except as otherwise provided in the Plan, to the extent the Confirmation Order and/or this Plan are inconsistent with the Disclosure Statement, any other agreement entered into between the Debtors and any third party, the Plan controls the Disclosure Statement and any such agreements, and the Confirmation Order (and any other orders of the Bankruptcy Court) controls the Plan.   To the extent that the Plan or the Confirmation Order conflicts with the

Liquidating Trust Agreement, first, the Plan shall control the Liquidating Trustee Agreement and the Confirmation Order shall control the Plan.  To the extent the Asset Purchase Agreement is inconsistent with the Disclosure Statement or any other agreement entered into between the Debtors and any third party, the Asset Purchase Agreement shall control.

16.27.  <u>Severability</u>.   The provisions of this Plan shall not be severable unless such severance is agreed to by the Debtors and such severance would constitute a permissible modification of this Plan pursuant to § 1127 of the Bankruptcy Code.

16.28.  <u>Setoffs</u>.  The Liquidating Trustee may, but shall not be required to, set off against any Claims and the payments or Distributions to be made pursuant to the Plan in respect of such Claims, any and all debts, liabilities and claims of every type and nature whatsoever that the Estates or the Liquidating Trust may have against the Holder of any Claim, but neither the failure to do so nor the Allowance of any such Claims, whether pursuant to the Plan or otherwise, shall constitute a waiver or release by the Liquidating Trustee or the Liquidating Trust of any such claims they may have against such Holder of any Claim, and all such claims shall be reserved for and retained by the Liquidating Trustee.

16.29.  <u>Further Action</u>.   Nothing contained in the Plan shall prevent Debtors, the Liquidating Trust or the Liquidating Trustee from taking such actions as may be necessary to consummate the Plan, even though such actions may not specifically be provided for within the Plan.

---

*Remainder of Page is Intentionally Left Blank*

Date:  September 22, 2016.

**DEBTORS:**

**Rotary Drilling Tools USA, LLC**

By: ___/s/_ *Bryan M. Gaston*
Name: Bryan M. Gaston
Title:   Chief Restructuring Officer

**Tubular Repair, LLC**

By: ___/s/_ *Bryan M. Gaston*
Name: Bryan M. Gaston
Title:   Chief Restructuring Officer

**Rotary Drilling Holdings IV, LLC**

By: ___/s/_ *Bryan M. Gaston*
Name: Bryan M. Gaston
Title:   Chief Restructuring Officer

**Pipe Coatings International LLC**

By: ___/s/_ *Bryan M. Gaston*
Name: Bryan M. Gaston
Title:   Chief Restructuring Officer