

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

ENTERED
10/31/2016

| | | |
|---|---|---|
| **IN RE:** | § | **Chapter 11** |
| | § | |
| **ROTARY DRILLING TOOLS USA LLC,** | § | **Case No.  16-33433** |
| *et al.,* | § | |
| | § | **Jointly Administered** |
| **Debtors.**[1] | § | |

**ORDER APPROVING DISCLOSURE STATEMENT AND**
**CONFIRMING DEBTORS' JOINT PLAN OF LIQUIDATION**
**[Relates to Dkt. Nos. 164 and 214]**

Pursuant to this Court's Order entered September 28, 2016 [Dkt. No. 166] (the "Disclosure Statement Order") conditionally approving the Debtors' Amended Disclosure Statement in Support of Joint Amended Plan of Reorganization [Dkt. No. 164] (the "Disclosure Statement") and fixing deadlines for voting and objection, the Court conducted a hearing on October 31, 2016 (the "Confirmation Hearing") to consider final approval of the Disclosure Statement and confirmation of the Debtors' Second Amended Joint Chapter 11 Plan of Liquidation [Dkt. No. 214] (as amended, the "Plan") filed by Rotary Drilling Tools USA, LLC, Tubular Repair, LLC, Rotary Drilling Holdings, LLC, and Pipe Coatings International, LLC (collectively, the "Debtors").[2]  As referred to herein, the "Plan" shall be the Chapter 11 Plan of the Debtors dated October 28, 2016, attached hereto as **Exhibit A**, as modified by this Order. Having considered the following:

      (i)      the sworn testimony of the witnesses of the Debtors proffered and/or called at the Confirmation Hearing;

---

[1]    The Debtors in these cases, along with the last four digits of their respective taxpayer ID numbers, are Rotary Drilling Tools USA, LLC (5265), Tubular Repair, LLC (1136), Rotary Drilling Holdings IV, LLC (3309), and Pipe Coatings International LLC (2057).

[2]  Capitalized terms not otherwise defined herein shall have the meaning ascribed to them in the Plan.

1

(ii)    the exhibits of the Debtors admitted into evidence at the Confirmation Hearing;

(iii)    the evidence in respect of the transmittal and service of the solicitation packages, which was filed with the Bankruptcy Court and admitted into evidence without objection;

(iv)    The evidence regarding tabulation of the votes on the Plan [Dkt. No.__], which was admitted into evidence without objection;

(v)    the arguments of counsel and other parties-in-interest presented at the Confirmation Hearing;

(vi)    the objections filed or asserted with respect to confirmation of the Plan (the "Objections");

(vii)    the resolution and settlement of the Objections to confirmation of the Plan;

(viii)    The Plan Supplement, as filed with the Bankruptcy Court [Dkt. No. 194]; and

(vix)    the pleadings and other documents filed by the Debtors in support of the Plan,

the Court, having taken judicial notice of and considered the docket in this Chapter 11 Cases, and being familiar with the Plan and other relevant factors affecting these Chapter 11 Cases pending under the Bankruptcy Code, and having found that due and proper notice has been given with respect to the Confirmation Hearing and the deadlines and procedures for filing objections to the Plan, upon the record of the Confirmation Hearing (which is incorporated herein by reference), and after due deliberation thereon, and sufficient cause appearing therefor; the Court hereby makes the following findings of fact and conclusions of law:

1.    The findings and conclusions set forth herein constitute the Bankruptcy Court's findings of fact and conclusions of law pursuant to Rule 7052 of the Federal Rules of Bankruptcy Procedure, made applicable to this proceeding pursuant to Rule 9014 of the Federal Rules of

Bankruptcy Procedure.  To the extent any of the following findings of fact constitute conclusion of law, they are adopted as such.  To the extent any of the following conclusions of law constitute findings of fact, they are adopted as such.

2.      On September 30, 2016, the Debtors mailed to all known Creditors, Interest Holders, the United Stated Trustee, and to all persons that have entered an appearance in these Chapter 11 Cases a solicitation package composed of a CD-ROM containing the Disclosure Statement, the Plan (then-current version), and the order conditionally approving the Disclosure Statement, along with the notice of the confirmation hearing, and a Class 4 Ballot/Notice of Non-Voting Status.  Proof of service of the foregoing has been filed with the Court by the Debtors and is sufficient [Dkt. No. 206].  The notice provided by the Debtors satisfies the requirements of all applicable Federal Rules of Bankruptcy Procedure, including, but not limited to, Rules 2002(a), (b), (c), (d), (j), and (k) and is adequate and proper in all respects under the circumstances of these cases.

### *Jurisdiction and Venue*

3.      The Bankruptcy Code has both subject matter jurisdiction and constitutional authority over these Chapter 11 Cases to approve the Disclosure Statement and to confirm the Plan pursuant to 28 U.S.C. § 1334.

4.      Approval of the Disclosure Statement and confirmation of the Plan are core proceedings pursuant to 28 U.S.C. § 157(b), and this Court has Constitutional authority to enter final orders with respect thereto.

5.      Venue of these Chapter 11 Cases is proper in this District pursuant to 28 U.S.C. § 1408(1).

6.     The Debtors are eligible to be debtors under section 109 of the Bankruptcy Code, and the Debtors are proper proponents of the Plan under section 1121(a) of the Bankruptcy Code. The Chapter 11 Cases were filed in good faith and not for any improper purpose.

7.     All parties (including, without limitation, all taxing authorities and other governmental unis entitled to notice) required to be given notice of the Confirmation Hearing, including notice of the deadline for filing and serving objections to confirmation of the Plan, have been given proper, timely, and adequate notice in accordance with the Federal Rules of Bankruptcy Procedure and have had an ample opportunity to appear and be heard with respect thereto.  No other or further notice is necessary or required.

8.     Pursuant to section 1125(d) of the Bankruptcy Code, the Debtors' transmittal of the Plan solicitation packages and their solicitation of acceptances of the Plan are not and will not be governed by or subject to any otherwise applicable law, rule, or regulation governing the solicitation or acceptance of a plan of reorganization or the offer, issuance, sale, or purchase of securities.  Accordingly, the Debtors (and their agents, employees, members, and professionals) are entitled to the protection of section 1125(e) of the Bankruptcy Code.

***Voting***

9.     Votes to accept and reject the Plan have been solicited and tabulated fairly, in good faith, and in a manner consistent with the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure, and the Orders of this Court.

***The Plan Satisfies the Requirements of the Bankruptcy Code***

10.     Each of the Debtors, as proponents of the Plan, has satisfied its burden of proving the standards of section 1129 of the Bankruptcy Code by a preponderance of the evidence.

11.     The Plan complies with all applicable provisions of the Bankruptcy Code, other than section 1129(a)(8).  11 U.S.C. § 1129(a)(1).  However, the Plan meets the requirements for confirmation under section 1129(b)(1).

12.     The Plan is dated and identifies the Debtors as the proponents of the Plan.  Fed. R. Bankr. P. 3016(a).  The Debtors have complied with all provisions of the Bankruptcy Code.  11 U.S.C. § 1129(a)(2).

13.     The Plan designates and classifies Claims and Equity Interests.  11 U.S.C. § 1123(a)(1).  The classification of Claims and Equity Interests under the Plan complies with section 1122 of the Bankruptcy Code.  Each Claim and Interest placed in a particular class pursuant to the Plan is substantially similar to the other Claims and Equity Interests, as the case may be, in such class.  As reasonable basis exists for the classifications in the Plan.

14.     The Plan specifies each class of Claims or Equity Interests that is not Impaired under the Plan.  11 U.S.C. § 1123(a)(2).

15.     The Plan specifies the treatment of each class of Claims and Equity Interests that is Impaired under the Plan.  11 U.S.C. § 1123(a)(3).

16.     The Plan provides the same treatment for each Claim or Interest of a particular class, unless the Holder of a particular Claim or Interest has agreed to a less favorable treatment of such particular Claim or Interest.  11 U.S.C. § 1123(a)(4).

17.     The Plan provides adequate means for its implementation.  11 U.S.C. § 1123(a)(5).

18.     The Plan provides for the assumption and rejection of executory contracts and leases in a manner consistent with the Bankruptcy Code.  11 U.S.C. § 1123(b)(2).

19.     The Debtors have complied with the disclosure and solicitation requirements under sections 1125 and 1126 of the Bankruptcy Code.  11 U.S.C. §§ 1129(a)(2), 1125, and 1126.

20.     The Plan has been proposed in good faith and not by any means forbidden by law. 11 U.S.C. § 1129(a)(3).  The Plan has been proposed for valid business purposes, to satisfy substantial obligations of the Debtors, and to provide relief under Chapter 11 to the Debtors and their creditors and Interest Holders.

21.     All payments made or to be made by the Debtors/Liquidating Trustee under the Plan, for services or for costs and expenses in or in connection with the Cases, or in connection with the Plan and incident to the Cases, have been approved by the Court or are subject to the approval of the Court as reasonable.  11 U.S.C. § 1129(a)(4).

22.     The Debtors have disclosed that Allison D. Byman will serve as the Liquidating Trustee under the Plan in accordance with section 1129(a)(5) of the Bankruptcy Code.  Allison D. Byman is confirmed as Liquidating Trustee with full authority to carry out her duties and obligations under the Plan.

23.     The Debtors have also disclosed that PNC Bank, N.A. and MC Tubular Products, Inc. will serve as the members of the Post-Confirmation Committee, each to serve through a designated representative.

24.     The Plan does not alter any rates charged by the Debtors and, therefore, does not require any governmental approvals.  11 U.S.C. § 1129(a)(6).

25.     With respect to each Impaired class of Claims or Equity Interests, each Holder of an Impaired Claim or Equity Interest in such class has accepted the Plan or will receive or retain under the Plan on account of such Claim or Interest property of a value, as of the Effective Date,

that is not less than the amount that such Holder would receive or retain if the Debtors were liquidated under chapter 7 of the Bankruptcy Code on the Effective Date. 11 U.S.C. § 1129(a)(7).

26.     All classes of Claims either have accepted the Plan (11 U.S.C. § 1129(a)(8)(A)) or are not Impaired under the Plan (11 U.S.C. § 1129(a)(5)). Equity Interests in Class 5 are not anticipated to receive anything under the Plan and are deemed to reject the Plan and, therefore, are not entitled to vote to accept or reject the Plan.

27.     Except to the extent that the Holder of a particular Claim has agreed to a different treatment of such Claim, the Plan provides that, with respect of an Allowed Claim of a kind specified in section 507 of the Bankruptcy Code, on the later of (i) the Effective Date, or (ii) such later date as the Debtors/Liquidating Trustee and the Holder of the Allowed Claim shall agree, the Holder of such Allowed Claim will receive on account of such Allowed Claim cash in an amount equal to the Allowed amount of such Claim, subject to and in accordance with the terms of the Plan, except that such Claims representing liabilities incurred by the Debtors in the ordinary course of business after the Petition Date shall be paid according to their terms. 11 U.S.C. § 1129(a)(9)(A) and (B).

28.     At least one class of Claims or Equity Interests that is Impaired under the Plan has accepted the Plan, determined without including any acceptance of the Plan by any Insider. 11 U.S.C. § 1129(a)(10).

29.     Confirmation of the Plan is not likely to be followed by the liquidation or the need for further financial reorganization of the Debtors except as specifically set forth in the Plan. 11 U.S.C. § 1129(a)(11).

30.     All fees payable under 28 U.S.C. § 1930 have been paid or will be paid under the Plan on the Effective Date.  11 U.S.C. § 1129(a)(12).

31.     The Debtors do not have obligations for the payment of retiree benefits, making section 1129(a)(13) of the Bankruptcy Code inapplicable.  11 U.S.C. § 1129(a)(13).

32.     The Debtors are not required to pay any domestic support obligations pursuant to either order or statute, making section 1129(a)(14) of the Bankruptcy Code inapplicable.  11 U.S.C. § 1129(a)(14).

33.     None of the Debtors in these Chapter 11 Cases are individual debtors pursuant to the Bankruptcy Code, making section 1129(a)(15) of the Bankruptcy Code inapplicable.  11 U.S.C. § 1129(a)(15).

34.     Each of the Debtors is either a moneyed, business or commercial corporation, limited liability company, or limited partnership.  Accordingly, the Plan satisfies the requirements of section 1129(a)(16) of the Bankruptcy Code.  11 U.S.C. § 1129(a)(16).

35.     With respect to each Class of Claims or Interests that is Impaired under the Plan and that has not accepted the Plan, the Plan does not discriminate unfairly and is fair and equitable under the standards set out in section 1129(b)(2) of the Bankruptcy Code.

36.     The Plan filed by the Debtors is the only plan that has been filed in these Chapter 11 Cases and that satisfies the requirements of subsections (a) and (b) of section 1129 of the Bankruptcy Code.  Accordingly, the requirements of § 1129(c) of the Bankruptcy Code have been satisfied.  11 U.S.C. § 1129(c).

37.     The modifications and clarifications made herein to the Plan do not cause the Plan to fail to meet the requirements of sections 1122 and 1123 of the Bankruptcy Code and, pursuant to section 1127 of the Bankruptcy Code, do not adversely change the treatment of any Claim of

8

any creditor or the Interest of any Equity Holder who has not accepted the modification. Fed. R. Bankr. P. 3019.

### *Substantive Consolidation*

38.     The substantive consolidation of the Debtors' Estates provided for in the Plan is in the best interests of the Debtors and their Estates.  The Court, after due deliberation and sufficient cause appearing therefor, finds that:  all of the Debtors are either directly or indirectly owned by the same Debtor parent and share employees, premises, operating methods, and financial obligations, and filed consolidated financial statements; all of the Debtors are borrowers or guarantors of the Estates' major secured debt to PNC, which has liens on substantially all of the Debtors' assets; creditors dealt with the entities as a single economic unit and often did not rely on their separate identity in extending credit; and the affairs of the Debtors are so entangled that substantive consolidation of the Debtors' Estates is equitable, in the best interests of the Estates, and is necessary to prevent harm or prejudice or otherwise to confer a benefit on the Estates.

39.     The settlement with PNC and the Committee as set forth in the Plan satisfies the requirements set out in *Protective Cmte. for Independent Stockholders of TMT Trailer Ferry, Inc. v. Anderson*, 390 U.S. 414 (1968).  The settlement is reasonable and in the best interests of creditors, and it represents the reasonable exercise of the Debtors' sound business judgment. Accordingly, it is hereby ORDERED THAT:

### A.     Approval of the Disclosure Statement

40.     Pursuant to section 1125(b) of the Bankruptcy Code and Bankruptcy Rule 3017(b), the Disclosure Statement is APPROVED on a final basis, and all objections, statements, and reservations of rights with respect to the Disclosure Statement are overruled.

B.      **Confirmation of the Plan and Approval of Plan Documents**

41.     The Plan is CONFIRMED in its entirety under section 1129 of the Bankruptcy Code, and all of the terms and conditions contained in the Plan are APPROVED.  The Debtors are authorized to implement the Plan in accordance with its terms and conditions.

42.     The Plan's classification scheme is APPROVED.  The treatment of all Claims and Equity Interests as provided in the Plan is approved.  All Claims and Equity Interests are therefore classified and treated as set forth in the Plan.

43.     The settlement with PNC and the Committee as incorporated in the Plan is APPROVED.

44.     The Liquidating Trust Agreement and such other certificates, documents, and instruments that may be necessary or appropriate to effectuate the transactions contemplated thereunder and in the Plan (collectively, the "Plan Documents"), and the terms and conditions thereof, are APPROVED.  The Debtors and the non-debtor parties to the Plan Documents are authorized to modify the Plan Documents without further order of the Court to the extent necessary to correct typographical, grammatical, and other errors and to make any changes required or appropriate to implement, effectuate, and consummate the Plan, the Plan Documents, the terms of this Order, and the transactions respectively contemplated thereunder.  The Debtors and the non-debtor parties to the Plan Documents are authorized to execute and deliver the Plan Documents as required and directed by the Plan.  The Debtors and the non-debtor parties to the Plan Documents, including but not limited to the Liquidating Trustee, are authorized and directed to implement the Plan in accordance with the terms thereof and to take any and all actions contemplated to be taken un the Plan.  On and after the Effective Date and as executed by

the Debtors, the terms and conditions of the Plan Documents shall be effective and enforceable as provided for therein.

45.     The appointment of the Post-Confirmation Committee is APPROVED in all respects, and the members of the Post-Confirmation Committee are authorized to carry out their rights and duties under the Plan.

46.     All objections to confirmation of the Plan not withdrawn or otherwise resolved at or before the Confirmation Hearing are expressly overruled.

**C.     Effects of Confirmation of the Plan**

47.     The provisions of the Plan and this Order are binding on the Debtors and each Creditor, Equity Interest holder, non-Debtor party to an executory contract or unexpired lease with any Debtor, any interested party in these bankruptcy cases, and any other Person, and each of the foregoing's respective agents, heirs, successors, and assigns, regardless of whether such Person filed a proof of claim or voted to accept the Plan.

48.     On entry of this Order, the Debtors and their directors, officers, chief restructuring officer, agents, attorneys, and professionals, along with the parties to the Plan Documents, are authorized to (a) effect any and all transactions contemplated or required by the Plan and Plan Documents and (b) on and after the Effective Date, take all necessary and appropriate steps and corporate action to implement the terms of the Plan and the Plan Documents, regardless of whether such actions are specifically referred to in the Plan or the Plan Documents, without the need for further shareholder, director, officer, or any other corporate approvals, or further order of the Court.

49.     Except as otherwise provided by the Plan or this Order, the rights afforded under the Plan and the treatment of Claims and Equity Interests under the Plan are in exchange for and

in complete satisfaction, discharge, and release of, all Claims against the Debtors or property of the Debtors' Estates (including the Liquidating Trust Assets).

50.    Except as otherwise provided in the Plan, this Order, or separate Final Order, any and all injunctions or automatic stays provided for in these Bankruptcy Cases under sections 105 and 362 of the Bankruptcy Code, or otherwise, and in existence on the Confirmation Date, shall remain in full force and effect through the Effective Date.

### D.    Provision Related to Executory Contracts and Unexpired Leases

51.    In accordance with Article 9 of the Plan and except as otherwise provided in the Plan or this Order, on the Effective Date, the Debtors will be deemed to reject all prepetition executory contracts and prepetition leases not specifically assumed or rejected pursuant to Final Order of the Bankruptcy Court.   Rejected executory contracts and unexpired leases shall no longer represent binding obligations of the Debtors after the Effective Date.  Any Claim resulting from the rejection of an executory contract or unexpired lease must be pursued in accordance with section 9.2 of the Plan.  Any Claim resulting from the rejection of an executory contract or unexpired lease not pursued in accordance with section 9.2 of the Plan shall be deemed waived and forever barred and shall not be entitled to any distributions under the Plan.

### E.    Provisions Related to Allowed Secured Claims for Ad Valorem Taxes

52.    The liens securing all Allowed Secured Claims for unpaid ad valorem taxes arising for tax years 2015 and prior shall attach to the Holdback Amount up to the amount of the Claimant's Allowed Secured Claim to the same extent and with the same priority as such liens attached to the Claimant's Collateral prior to the bankruptcy filing.   The Allowed Secured Claims of the ad valorem taxing entities shall be paid in full, including interest under 11 USC 506(b) on their Allowed Secured Claims (a) from the Petition Date through the Confirmation

Date at the rate of 12% per annum and (b) from the Confirmation Date until paid in full at the rate of 12% per annum.

53.     The liens securing all Allowed Secured Claims for ad valorem taxes are not subject to any superior liens.

**F.     Provisions Related to Governmental Units.**

54.     Nothing in this Order or the Plan discharges, releases, preclude, or enjoins:  (a) any liability to any Governmental Unit that is not a Claim; (b) any Claim of a Governmental Unit arising on or after the Effective Date; (c) any police or regulatory liability to a Governmental Unit on the part of any Entity as the owner, permittee, or operation or property after the Effective Date, or (d) any liability to a Governmental Unit on the part of any Person other than the Debtors or the Reorganized Debtors.  Additionally nothing in the Order or the Plan shall (x) enjoin or otherwise bar a Governmental Unit from asserting or enforcing, outside this Court, any liability described in the preceding sentence; (y) divest any tribunal of any jurisdiction to interpret or adjudicate any defense based on this paragraph; or (z) affect any right to exercise setoff or recoupment of the United States of America (including any agencies or subagencies thereof) that may exist, if any.

55.     No Governmental Unit shall be required to file a request for the payment of an expense described in section 503(b)(1)(B) or (C) of the Bankruptcy Code as a condition of its being an Allowed Administrative Claim.  Nothing in the foregoing sentence affects any existing right of any party to review and object to an Administrative Claim by any Governmental Unit.

**G.**    **Procedural Substantive Consolidation**

56.    The substantive consolidation of the Debtors and their respective Estates for purposes of voting, confirmation, and objections to Claims and Distributions, as provided for in the Plan and described more particularly in section 7.1 of the Plan, is APPROVED.

57.    Each holder of an Allowed Claim who asserts an identical Claim against multiple Debtors shall be entitled to a single satisfaction of such Claims.

58.    The substantive consolidation of the Debtors shall not constitute or effectuate a merger of the corporate or other legal identities of the Debtors, and their respective corporate and other legal identities shall remain intact, except as otherwise specified in the Plan.

**H.**    **Appointment of the Liquidating Trustee**

59.    Allison D. Byman is APPROVED as Liquidating Trustee under the Liquidating Trust Agreement.  On the Effective Date, the Liquidating Trustee is authorized, empowered, and directed to take any and all actions necessary or appropriate to implement, effectuate, and consummate the Plan, the Liquidating Trust Agreement, and this Order, and the transactions respectively contemplated in those documents, or otherwise perform her duties as Liquidating Trustee outlined in the Liquidating Trust Agreement, and shall be designated as the representative of the Estates for all purposes consistent with the Plan, the Liquidating Trust Agreement, and this Order.

60.    The Liquidating Trustee may destroy or otherwise abandon any files, documents, or electronic information following the expiration of 21 days from the date that a notice to intent to destroy and/or abandon such records is filed with the Bankruptcy Court.  If an objection is filed, the Liquidating Trustee shall not destroy and/or abandon such files, documents, or electronic information until the Bankruptcy Court has considered the objection.

## I.     Establishment of the Liquidating Trust Agreement

61.     On or around the Effective Date, all necessary parties shall execute the Liquidating Trust Agreement.  Each holder of a Claim is deemed to have ratified and become bound by the terms and conditions of the Liquidating Trust Agreement.

62.     All property of the Debtors comprising the Liquidating Trust Assets shall be conveyed and transferred to the Liquidating Trust.  Additionally, on the Effective Date, PNC shall transfer to the Liquidating Trustee the Holdback Amount in the amount of $1,750,000.00.

## J.     Miscellaneous Confirmation Provisions

63.     Upon entry of this Order, the Debtors, the Reorganized Debtors, the CRO, the Liquidating Trustee and any other Person having duties or responsibilities under the Plan, the Liquidating Trust Agreement, or this Order, and their respective directors, officers, general partners, agents, trustees, representatives, and attorneys are specifically authorized, empowered, and directed to take any and all actions necessary or appropriate to implement, effectuate, and consummate the Plan, the Liquidating Trust Agreement, and the terms of this Order and the transactions respectively contemplated in those documents, all in accordance with the terms thereof, and are authorized and directed to take all steps necessary and appropriate to implement the Plan terms without the need for further shareholder, director or other corporate approvals.

64.     The provisions of the confirmed Plan and this Order bind the Debtors and any Creditor or Equity Interest holder of the Debtors, whether or not the Claim or Interest of such Creditor or Equity Interest holder is impaired under the Plan and whether or not such Creditor or Equity Interest holder has accepted the Plan.

65.     This Order is in recordable form, and shall be accepted by any filing or recording officer or authority of any applicable governmental unit for filing and recording purposes without further or additional orders, certifications, or other supporting documents.

66.     The terms and conditions of the releases as set forth in section 11.3 of the Plan and the exculpation as set forth in 11.4 of the Plan are APPROVED.

67.     Under Bankruptcy Code section 1146(c), the issuance, transfer, or exchange of a security, or the making or delivery of an instrument of transfer under the Plan, shall not be taxed under any law imposing a stamp tax or similar tax.  The appropriate state or local government officials or agents are directed to forego the collection of any such tax or governmental assessment and to accept for filing and recordation any of the foregoing instruments or other documents without the payment of any such tax or governmental assessment.

68.     To the extent that, under applicable nonbankruptcy law, any of the actions contemplated in the Plan would otherwise require the consent or approval of the holders of Equity Interests in the Debtors, this Order shall constitute such consent or approval, and such actions shall be, and are deemed to have been, taken by unanimous action of the holders of Equity Interests in the Debtors.

69.     Pursuant to sections 1123(a) and 1142(a) of the Bankruptcy Code, the provisions of this Order, the Plan, the Liquidating Trust Agreement, and all other agreements and documents executed and delivered pursuant to the Plan shall apply and be enforceable notwithstanding any otherwise applicable nonbankruptcy law.

70.     The Debtors are authorized to serve a "Notice of Entry of Confirmation Order and Notice of Effective Date" on all creditors and parties-in-interest in these Bankruptcy Cases, and

such notice shall constitute notice in compliance with Bankruptcy Rule 2002.  Such notice shall be mailed within 7 Days of the Effective Date.

71.     The failure to include specifically any particular provision of the Plan in this Order will not diminish the effectiveness of such provision nor constitute a waiver thereof, it being the intent that the Plan is confirmed in its entirety.

72.     The bar date for requests for payment of Administrative Expenses against the Debtors provided in section 16.1 of the Plan is enforceable.  Entities owed Administrative Expenses who file requests for payment of Administrative Expenses after such bar date shall be forever barred from collecting for such Administrative Expenses from the Debtors, or the Reorganized Debtors, or any of their affiliates or any of their respective property.

73.     All fees chargeable pursuant to 28 U.S.C. § 1930 shall be timely paid.  The Liquidating Trustee shall be required to file postconfirmation quarterly reports as required by the Office of the United States Trustee.

74.     The Liquidating Trustee may apply for entry of a Final Decree in these Bankruptcy Cases upon substantial consummation of the Plan.

75.     Pursuant to sections 1123(a) and 1142(a) of the Bankruptcy Code, the provisions of this Order, the Plan, and all related documents, and all other agreements and documents executed and delivered pursuant to the Plan shall apply and be enforceable notwithstanding any otherwise applicable nonbankruptcy law.

76.     After the date of this Order, this Court shall retain jurisdiction over these Chapter 11 Cases according applicable law, including jurisdiction to interpret and enforce the provisions of the Plan and this Order.

77.     The Liquidating Trustee shall have the right, to the full extent permitted by section 1142 of the Bankruptcy Code, to apply to the Bankruptcy Court for an order, notwithstanding any otherwise applicable non-bankruptcy law, directing any appropriate entity to execute and deliver an instrument or perform any other act necessary to implement the Plan or the provisions of this Order.

78.     To the fullest extent allowed by applicable law, and except as otherwise provided in the Plan, the Debtors, the Reorganized Debtors, the Liquidating Trust, and the Liquidating Trustee reserve any and all claims and rights against any and all their parties, whether such claims and rights arose before, on, or after the Petition Date, the Confirmation Date, the Effective Date, and/or any Distribution Date, including without limitation, any and all claims and/or Causes of Action and/or Rights of Action for relief that the Debtors, the Reorganized Debtors, the Liquidating Trust, or the Liquidating Trustee may have against or on behalf of any director, officer, any insurer under any D&O Insurance policy, or any other Person.  The entry of this Order shall not constitute res judicata or otherwise bar, estop, or inhibit any actions by the Debtors, the Liquidating Trust, or the Liquidating Trustee relating to any Claims, Causes of Action, or Rights of Action.  The Liquidating Trustee shall constitute (i) the representative of the Liquidating Trust for purposes of asserting and/or enforcing Claims, Causes of Action, or Rights of Action, and (ii) the representative of the Reorganized Debtors for purposes of asserting and/or enforcing of any insurance coverage claims, under section 1123(b)(3)(B) of the Bankruptcy Code.

79.     In the event of a conflict between the terms of this Order, the Plan, and/or the Liquidating Trust Agreement or any other supporting document, the provisions of this Order shall control.

18

80.     Notwithstanding Bankruptcy Rule 3020(e) or otherwise, and based on the record at the Confirmation Hearing, this Order shall be effective and enforceable immediately upon its entry.

SIGNED:  October 31, 2016

_____
MARVIN ISGUR,
UNITED STATES BANKRUPTCY JUDGE

19

# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
### HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: | § | Chapter 11 |
| | § | |
| **ROTARY DRILLING TOOLS USA** | § | Case No.: 16-33433 |
| **LLC,** *et al.,* | § | |
| | § | |
| Debtors.[1] | § | Jointly Administered |
| | § | |

## SECOND AMENDED JOINT CHAPTER 11 PLAN OF LIQUIDATION SUBMITTED BY

## ROTARY DRILLING TOOLS USA, LLC
## TUBULAR REPAIR, LLC
## ROTARY DRILLING HOLDINGS IV, LLC
## AND
## PIPE COATINGS INTERNATIONAL LLC

**Locke Lord LLP**
Elizabeth M. Guffy
Brooke B. Chadeayne
600 Travis Street, Suite 2800
Houston, TX 77002
Telephone: 713-226-1200
Facsimile: 713-223-3717
E-mail:  eguffy@lockelord.com
         bchadeayne@lockelord.com
         nobankecf@lockelord.com

Omer F. Kuebel, III
601 Poydras Street, Suite 2660
New Orleans, LA 70130
Telephone: 504-558-5155
Facsimile: 504-681-5255
Email:  rkuebel@lockelord.com
Counsel for the Debtors

---

[1] The Debtors in these cases, along with the last four digits of their respective taxpayer ID numbers, are Rotary Drilling Tools USA, LLC (5265), Tubular Repair, LLC (1136), Rotary Drilling Holdings IV, LLC (3309), and Pipe Coatings International LLC (2057).

## Table of Contents

                                                                                              **Page**

ARTICLE 1    DEFINITIONS ............................................................................................................2
    1.1.    Administrative Claim ......................................................................................2
    1.2.    Administrative Claim Bar Date ......................................................................2
    1.3.    Administrative and Priority Claims Distribution Date ...................................2
    1.4.    Allowed Administrative Claim .......................................................................2
    1.5.    Allowed Amount .............................................................................................2
    1.6.    Allowed Claim ................................................................................................2
    1.7.    Acquired Assets ..............................................................................................3
    1.8.    Allowed General Unsecured Claim .................................................................3
    1.9.    Allowed Interest .............................................................................................3
    1.10.    Allowed Priority Non-Tax Claim ...................................................................3
    1.11.    Allowed Priority Tax Claim ...........................................................................3
    1.12.    Allowed Secured Claim ..................................................................................3
    1.13.    Allowed Unsecured Claim ..............................................................................3
    1.14.    Asset Purchase Agreement .............................................................................3
    1.15.    Asset Sale .......................................................................................................3
    1.16.    Available Cash ................................................................................................3
    1.17.    Avoidance Action ...........................................................................................3
    1.18.    Avoided Lien ..................................................................................................3
    1.19.    Bankruptcy Code ............................................................................................4
    1.20.    Bankruptcy Court ...........................................................................................4
    1.21.    Bankruptcy Rules ...........................................................................................4
    1.22.    Bar Date .........................................................................................................4
    1.23.    Business Day ...................................................................................................4
    1.24.    Cash     ............................................................................................................4
    1.25.    Cause of Action ..............................................................................................4
    1.26.    Chapter 11 Cases ............................................................................................4
    1.27.    Claim   ............................................................................................................4
    1.28.    Claimant .........................................................................................................5
    1.29.    Collateral ........................................................................................................5
    1.30.    Committee .......................................................................................................5
    1.31.    Confirmation Date ..........................................................................................5
    1.32.    Confirmation Hearing .....................................................................................5
    1.33.    Confirmation Order .........................................................................................5
    1.34.    Creditor ..........................................................................................................5
    1.35.    Debtors ...........................................................................................................5
    1.36.    Debtors in Possession .....................................................................................5
    1.37.    Deficiency Claim ............................................................................................5
    1.38.    DIP Credit Facility .........................................................................................5
    1.39.    DIP Order .......................................................................................................5
    1.40.    Disclosure Statement ......................................................................................5
    1.41.    Disputed Claim ...............................................................................................6
    1.42.    Disputed Claims Reserve ................................................................................6

1.43.   Distribution ...................................................................................................6
1.44.   Effective Date ................................................................................................6
1.45.   Equity Interest or Interest.............................................................................6
1.46.   Equity Interest Holder or Interest Holder ....................................................6
1.47.   Equity Interest Record Date..........................................................................6
1.48.   Estates 6
1.49.   Final Distribution .........................................................................................6
1.50.   Final Order ...................................................................................................6
1.51.   General Unsecured Claim .............................................................................7
1.52.   Governmental Unit........................................................................................7
1.53.   Holdback Amount .........................................................................................7
1.54.   Distribution Date...........................................................................................7
1.55.   Intercompany Claims ....................................................................................7
1.56.   IRS      7
1.57.   Legal Proceeding ..........................................................................................7
1.58.   Liability........................................................................................................7
1.59.   Lien   .............................................................................................................7
1.60.   Liquidating Trust ..........................................................................................7
1.61.   Liquidating Trust Agreement........................................................................7
1.62.   Liquidating Trustee.......................................................................................7
1.63.   Net Sales Proceeds .......................................................................................8
1.64.   North Dakota Property...................................................................................8
1.65.   Noticing Agent..............................................................................................8
1.66.   Person ...........................................................................................................8
1.67.   Petition Date..................................................................................................8
1.68.   Plan   .............................................................................................................8
1.69.   Plan Ballot.....................................................................................................8
1.70.   Plan Documents ............................................................................................8
1.71.   Plan Rate .......................................................................................................8
1.72.   Plan Supplement ...........................................................................................8
1.73.   PNC   .............................................................................................................8
1.74.   PNC Adequate Protection Administrative Claim ..........................................8
1.75.   PNC Credit Documents.................................................................................9
1.76.   PNC Deficiency Claims.................................................................................9
1.77.   PNC Prepetition Secured Claim....................................................................9
1.78.   [reserved] ......................................................................................................9
1.79.   Priority Claim................................................................................................9
1.80.   Priority Non-Tax Claim ................................................................................9
1.81.   Priority Tax Claim ........................................................................................9
1.82.   Pro Rata.........................................................................................................9
1.83.   Professional Fee Claims................................................................................9
1.84.   Professional Fees ..........................................................................................9
1.85.   Professionals ...............................................................................................10
1.86.   Protected Persons ........................................................................................10
1.87.   Purchaser.....................................................................................................10
1.88.   Released Parties ..........................................................................................10

| | | |
|---|---|---|
| 1.89. | Reorganized Debtor or Reorganized Debtors | 10 |
| 1.90. | Reorganized RDT | 10 |
| 1.91. | Rights of Action | 10 |
| 1.92. | Residual Holdback Amount | 10 |
| 1.93. | Sale Order | 10 |
| 1.94. | Schedules | 10 |
| 1.95. | Secured Claim | 10 |
| 1.96. | Subsidiary Columbia Interests | 11 |
| 1.97. | Subsidiary Equity Interests | 11 |
| 1.98. | Unsecured Claim | 11 |
| 1.99. | Vehicle Allowance | 11 |
| ARTICLE 2 | RULES OF CONSTRUCTION | 11 |
| ARTICLE 3 | CLASSIFICATION OF CLAIMS AND INTERESTS | 11 |
| 3.1. | Administrative Claims and Priority Tax Claims | 11 |
| 3.2. | Classified Claims Against the Debtors | 12 |
| ARTICLE 4 | IMPAIRMENT OF CLASSES AND RESOLUTION OF CLAIM CONTROVERSIES | 12 |
| 4.1. | Impaired Classes | 12 |
| 4.2. | Unimpaired Classes | 13 |
| 4.3. | Controversy Concerning Classification, Impairment or Voting Rights | 13 |
| ARTICLE 5 | TREATMENT OF IMPAIRED CLASSES | 13 |
| 5.1. | Class 4 – General Unsecured Claims | 13 |
| 5.2. | Class 5 – Equity Interests | 13 |
| ARTICLE 6 | TREATMENT OF UNIMPAIRED CLASSES | 13 |
| 6.1. | Class 1 – PNC Prepetition Secured Claim | 13 |
| 6.2. | Class 2 – Miscellaneous Secured Claims | 14 |
| 6.3. | Class 3 – Priority Non-Tax Claims | 14 |
| ARTICLE 7 | MEANS OF IMPLEMENTATION | 14 |
| 7.1. | Substantive Consolidation of the Debtors | 14 |
| 7.2. | Creation of the Liquidating Trust | 14 |
| 7.3. | Continuation of Operations/Corporate Existence | 15 |
| 7.4. | General Powers of the Liquidating Trustee | 15 |
| 7.5. | Obligations of the Liquidating Trustee | 17 |
| 7.6. | Limitations on the Powers of the Liquidating Trustee | 17 |
| 7.7. | Resignation/Removal of the Liquidating Trustee | 18 |
| 7.8. | Appointment of Successor Liquidating Trustee | 18 |
| 7.9. | Compensation Procedures | 18 |
| ARTICLE 8 | CLAIM/INTEREST OBJECTION PROCEDURES, TREATMENT OF DISPUTED CLAIMS/INTERESTS AND PROCEDURE FOR ASSERTING CLAIMS | 18 |
| 8.1. | Objection Process | 18 |
| 8.2. | Filing of Claims and Causes of Action | 18 |
| 8.3. | Disputed Claims Reserve | 19 |

| | 8.4. | Distributions to Holders of Disputed Claims | 19 |
| | 8.5. | Disallowance of Late Filed Proofs of Claim | 19 |
| | 8.6. | Provisions Governing Distributions | 19 |
| ARTICLE 9 | | EXECUTORY CONTRACTS AND UNEXPIRED LEASES | 20 |
| | 9.1. | Rejection of Executory Contracts and Unexpired Leases | 20 |
| | 9.2. | Claims Based on Rejection of Executory Contracts or Unexpired Leases | 20 |
| ARTICLE 10 | | EFFECT OF REJECTION BY ONE OR MORE CLASSES OF CLAIMS | 21 |
| | 10.1. | Impaired Classes to Vote | 21 |
| | 10.2. | Acceptance by Class | 21 |
| | 10.3. | Cramdown | 21 |
| ARTICLE 11 | | EFFECT OF CONFIRMATION | 21 |
| | 11.1. | Legally Binding Effect | 21 |
| | 11.2. | Limited Discharge of Debtors and Injunction | 21 |
| | 11.3. | RELEASE BY THE DEBTORS | 22 |
| | 11.4. | Limited Protection of Certain Parties in Interest | 23 |
| | 11.5. | [Reserved] | 23 |
| | 11.6. | Continuation of Anti-Discrimination Provisions of Bankruptcy Code | 23 |
| | 11.7. | Preservation of Claims and Rights | 23 |
| ARTICLE 12 | | RETENTION OF JURISDICTION | 24 |
| | 12.1. | Exclusive Bankruptcy Court Jurisdiction | 24 |
| | 12.2. | Limitation on Jurisdiction | 25 |
| ARTICLE 13 | | CONDITIONS TO CONFIRMATION OF PLAN | 25 |
| | 13.1. | Conditions Precedent to Effective Date | 25 |
| | 13.2. | Annulment of Plan if Conditions Not Waived or Satisfied | 26 |
| ARTICLE 14 | | NOTICE PROVISIONS | 26 |
| | 14.1. | Notices | 26 |
| | 14.2. | Limitation on Notice | 27 |
| | 14.3. | General Notice To Creditors | 27 |
| ARTICLE 15 | | COMPROMISES AND SETTLEMENTS | 27 |
| | 15.1. | Effect of Confirmation Order | 27 |
| ARTICLE 16 | | MISCELLANEOUS PROVISIONS | 28 |
| | 16.1. | Bar Date for Administrative Claims | 28 |
| | 16.2. | Objections to Administrative Claims | 28 |
| | 16.3. | Payment of Professional Fees | 28 |
| | 16.4. | Payment of United States Trustee Fees | 28 |
| | 16.5. | Substantive Consolidation | 28 |
| | 16.6. | Employee Benefit Plans | 29 |
| | 16.7. | Directive to State Agencies | 29 |
| | 16.8. | Satisfaction of Liabilities | 29 |
| | 16.9. | Warranty of Transfers from Liquidating Trust | 29 |
| | 16.10. | Compliance with Tax Requirements | 29 |
| | 16.11. | Amendment of the Plan | 30 |
| | 16.12. | Timing of Distributions | 30 |

16.13. Enforcement of Settlement Agreements ..................................................................30
16.14. Filing of Documents in Public Records ....................................................................30
16.15. Right to Seek Further Orders .....................................................................................30
16.16. Intercompany Claims ...................................................................................................30
16.17. Withdrawal of Plan ......................................................................................................30
16.18. Due Authorization by Creditors .................................................................................31
16.19. Filing of Additional Documentation .........................................................................31
16.20. Implementation .............................................................................................................31
16.21. Substantial Consummation .........................................................................................31
16.22. Further Effect of Confirmation ..................................................................................31
16.23. Reservation of Claims ..................................................................................................31
16.24. Dates ..............................................................................................................................32
16.25. Governing Law .............................................................................................................32
16.26. Conflict ..........................................................................................................................32
16.27. Severability ...................................................................................................................32
16.28. Setoffs ............................................................................................................................32
16.29. Further Action ..............................................................................................................32

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: | § | Chapter 11 |
| | § | |
| ROTARY DRILLING TOOLS USA | § | Case No.: 16-33433 |
| LLC, *et al.*, | § | |
| | § | |
| Debtors.[2] | § | Jointly Administered |
| | § | |

## SECOND AMENDED JOINT CHAPTER 11 PLAN OF LIQUIDATION

Rotary Drilling Tools USA, LLC, Tubular Repair, LLC, Rotary Drilling Holdings IV, LLC, and Pipe Coatings International LLC propose this Second Amended Joint Chapter 11 Plan of Liquidation pursuant to section 1121(a) of the Bankruptcy Code for the resolution of outstanding Claims asserted against, and Equity Interests in, each of the Debtors. Reference is made to the Disclosure Statement distributed with this Plan for a discussion of the Debtors' history, businesses, assets, operations, risk factors, a summary and analysis of this Plan, and certain related matters. Subject to the restrictions and requirements set out in section 1127 of the Bankruptcy Code, the Debtors reserve the right to alter, amend, modify, revoke, or withdraw this Plan prior to its consummation.

### SUBSTANTIVE CONSOLIDATION

The Plan is proposed as a joint chapter 11 plan for all of the Debtors. Claims against, and Equity Interests in, the Debtors (other than Administrative Expenses, PNC's Postpetition Secured Claims, and Priority Tax Claims) are classified in Article 3 and treated in Article 5.

The Plan is also a motion requesting that the Bankruptcy Court substantively consolidate the Debtors' estates solely for the purposes of voting and making distributions, as described in more detail below. In order to be confirmed, therefore, the Plan must meet the requirements of section 1129 of the Bankruptcy Code with respect to the Debtors on a consolidated basis.

### RELEASE OF PNC BANK, N.A.

The Plan incorporates a settlement with PNC Bank, N.A., which includes a release of the the claims of the Debtors and their Estates against PNC.

**ALL HOLDERS OF CLAIMS OR INTERESTS ARE ENCOURAGED TO READ THIS PLAN AND THE DISCLOSURE STATEMENT CAREFULLY AND IN THEIR ENTIRETY. ALL HOLDERS OF CLAIMS OR INTERESTS ENTITLED TO VOTE ON THIS PLAN ARE ENCOURAGED TO READ THIS PLAN AND THE DISCLOSURE**

---

[2] The Debtors in these cases, along with the last four digits of their respective taxpayer ID numbers, are Rotary Drilling Tools USA, LLC (5265), Tubular Repair, LLC (1136), Rotary Drilling Holdings IV, LLC (3309), and Pipe Coatings International LLC (2057).

**STATEMENT CAREFULLY AND IN THEIR ENTIRETY BEFORE VOTING ON THIS PLAN.**

## ARTICLE 1
## DEFINITIONS

As used in the Plan, the following terms shall have the respective meanings specified below. Any term used in the Plan not defined below or herein shall be interpreted in accordance with the Rules of Construction set forth in Article 2 of this Plan.

1.1.    Administrative Claim. Any cost or expense of administration of the Chapter 11 Cases incurred on or before the Effective Date entitled to priority under § 507(a)(2) and allowed under § 503(b) of the Bankruptcy Code, including without limitation, any actual and necessary expenses of preserving the Debtors' estates, including wages, salaries or commissions for services rendered after the commencement of the Chapter 11 Cases, certain taxes, fines and penalties, any actual and necessary post-petition expenses of operating the Debtors' businesses, certain post-petition indebtedness or obligations incurred by or assessed against the Debtors in connection with the conduct of their businesses, or for the acquisition or lease of property, or for providing services to any Debtor, including all allowances of compensation or reimbursement of expenses to the extent allowed by the Bankruptcy Court under the Bankruptcy Code, and any fees or charges assessed against the Debtors' estates under chapter 123, title 28, United States Code. With respect to Administrative Claims that are allowed pursuant to §§ 503 (b)(1), 503(b)(2), 503(b)(3), 503(b)(4), 503(b)(5), 503(b)(6), 503(b)(7), 503(b)(8) or 503(b)(9), there shall be an Administrative Claim against the Debtors only to the extent of and only after the entry of a Final Order approving such Administrative Claim following the filing of a motion or application prior to the Administrative Claim Bar Date.

1.2.    Administrative Claim Bar Date. The last day to file an application for allowance of an Administrative Claim (other than (i) quarterly U.S. Trustee fees, (ii) Professional Fee Claims, or (iii) the PNC Adequate Protection Administrative Claim), which shall be 20 days after the Effective Date unless otherwise established by a Final Order.

1.3.    Administrative and Priority Claims Distribution Date. The date, occurring as soon as practicable after the Effective Date, but which shall not be later than 21 days after the Effective Date, on which distributions are made pursuant to the terms of the Plan to Holders of Allowed Administrative Claims and Holders of Priority Non-Tax Claims.

1.4.    Allowed Administrative Claim. An Administrative Claim to the extent it is or becomes an Allowed Claim.

1.5.    Allowed Amount. The amount of an Allowed Claim.

1.6.    Allowed Claim. With reference to any Claim (other than an Administrative Claim), (a) any Claim against any Debtor that was (i) listed by such Debtor in its Schedules, as such Schedules may be amended from time to time in accordance with Bankruptcy Rule 1009, as liquidated in amount and not disputed or contingent and for which no contrary proof of Claim has been filed or (ii) evidenced by a timely-filed proof of Claim, as to which no objection to allowance has been filed, in accordance with Section 8 of this Plan or such other applicable